W. K. OLIVER AND WIFE, LEORA OLIVER, v. J. R. PINER AND WIFE, JULIA PINER.

(Filed 12 April, 1944.)

**1. Mortgages § 30c—**

Where there is default in the payment of the first nine annual installments of a debt, secured by a deed of trust on lands, and these nine installments are all paid, there can be no valid foreclosure, based on default, commenced before default in payment of the tenth annual installment of the debt.

**2. Same—**

The foreclosure of a deed of trust on lands securing a debt is not valid when based on a failure to pay taxes on the property, under a provision of the deed of trust which requires the grantor to pay all taxes accruing and upon his failure so to do authorizing the holder of the debt to pay the same and making sums so paid a part of the debt secured by the deed of trust, it appearing that the unpaid taxes in question have not been paid by anyone and nowhere in the deed of trust is any specific or definite time fixed when nonpayment of taxes shall constitute default.

**3. Same—**

When a deed of trust on lands, to secure a debt, contains a provision requiring the grantor to keep the property insured for the benefit of the holder of the debt, but fails to specify any amount of insurance, the grantor may not be penalized by a foreclosure for not procuring insurance.

APPEAL by defendants from *Williams, J.,* at February Term, 1944, of CRAVEN.

This is an action in ejectment to recover the possession of a certain tract of land in No. 6 Township, Craven County, North Carolina, it being the second lot described in a deed from Sidney Tilton to Hazel Blalock, recorded in Book 294, page 107, Records of Craven County, and being the same land conveyed to the plaintiffs by deed from W. B. Rouse, Trustee, joined in by Hazel Blalock, dated 3 July, 1942, recorded in Book 364, page 182, of said records.

The defendants are in possession of the *locus in quo* and claim title thereto by virtue of a deed from Hazel Blalock to them dated 22 August, 1936, recorded in Book 322, page 256, of the Records of Craven County.

Plaintiffs and defendants claim Hazel Blalock as a common source of title.

It is the contention of the plaintiffs that Hazel Blalock executed and delivered to the defendants a deed for the *locus in quo* on 22 August, 1936, and simultaneously therewith the defendants executed and delivered to the said Hazel Blalock a deed of trust securing a purchase price note for $540.00, with W. B. Rouse as trustee therein; that there was default in the compliance with the terms of the deed of trust, and as a consequence thereof the deed of trust was subsequently foreclosed, at which foreclosure sale Hazel Blalock became the last and highest bidder and assigned her bid to the plaintiffs, and deed was accordingly made by the trustee, W. B. Rouse, in which Hazel Blalock joined, to the plaintiffs, on 3 July, 1942; and that by virtue of said foreclosure deed the plaintiffs became the owners of and entitled to the possession of the land.

The defendants, while admitting that there was a purported foreclosure sale of the *locus in quo* by W. B. Rouse, trustee in a deed of trust executed by them to secure a purchase price note to Hazel Blalock, and that Hazel Blalock joined in the foreclosure deed to the plaintiffs, allege that such purported sale was void for the reason that there was no default in the conditions of the deed of trust signed by them.

The jury, upon instructions peremptory in their nature, answered the issues in favor of the plaintiffs and from judgment predicated on the verdict the defendants appealed, assigning errors.

*William Dunn and H. P. Whitehurst for plaintiffs, appellees.*
*L. A. Smith and W. H. Lee for defendants, appellants.*

SCHENCK, J. The decision of this case turns upon the question as to whether the foreclosure sale, consummated by the delivery of the deed of 3 July, 1942, from Rouse, Trustee, joined in by Hazel Blalock, assignor of the last and highest bid at the foreclosure sale, to the plaintiffs was valid. If valid, the plaintiffs must prevail and the judgment of the Superior Court must be affirmed; if not valid, the defendants must prevail and the judgment of the Superior Court must be reversed.

The plaintiffs contend that the foreclosure sale was valid for the reason that the defendants defaulted in the compliance with the conditions in the deed of trust executed by them to Rouse, trustee for Hazel Blalock, in that the defendants, first, failed to make the payments of $60.00 on the first day of September of each year for nine years, as provided in the deed of trust; second, failed to pay the taxes on the land involved for the

years 1936, 1937, 1938 and 1939; and, third, failed to keep the property insured for the benefit of the party of the third part, Hazel Blalock.

As to the first default which the plaintiffs contend the defendants made in the compliance with the conditions in the deed of trust, namely, the failure to pay $60.00 on the first day of September for nine successive years, the contention cannot be sustained for the reason that the testimony of W. B. Rouse, Trustee, as witness for the plaintiffs, is to the effect that these annual payments of $60.00 were all finally made up to and including 1 September, 1941, and, according to the written conditions in the deed of trust, another such payment was not due until 1 September, 1942, and the advertisement of the foreclosure sale was begun on 20 May, 1942, and the said sale was conducted on 22 June, 1942, and this action was commenced on 24 July, 1942, all before the due date of the installment in 1942, namely, the first day of September, 1942, in which there was no default.

As to the second default which the plaintiffs contend that the defendants made in the compliance with the conditions in the deed of trust, namely, failure to pay the taxes on the lands for the years 1936, 1937, 1938, and 1939, inclusive, the contention cannot be sustained. The provisions in the deed of trust reads: "It is hereby expressly stipulated and agreed that the said parties of the first part shall pay all taxes accruing upon said property; to keep the same in good order and condition, and shall keep the property herein conveyed insured in a good and reliable insurance company for the benefit of the party of the third part in the sum of....................Dollars, and upon the failure of said party so to do, said party of the third part is authorized and empowered to pay said taxes and effect said insurance, and such sums so paid therefor shall become a part of the aforenamed indebtedness and draw interest from the date of such payment at the rate afore-agreed to be made; but the election of said party to pay said taxes and insurance shall not be a waiver of the right to demand a sale as above provided."

Nowhere in the deed of trust is any specific or definite time fixed when the nonpayment of taxes shall constitute a default; and in order for the benefit of a default to inure to the holder of the note, it is necessary that he pay the taxes and charge it in as a part of the debt, and then if the maker of the note shall suffer the taxes due on said property to remain unpaid, the holder of the note may collect the amount that he has paid on the taxes as a part of the debt when a foreclosure is had for failure to pay the debt or for any other reason.

As to the third default which the plaintiffs contend the defendants made in the compliance with the conditions in the deed of trust, namely, the failure to keep the property insured for the benefit of the party of the third part, Hazel Blalock, the contention cannot be sustained for the

reason that while the deed of trust appears to have been drawn upon a form providing for the keeping of the property insured, the blank left for the amount of the insurance is not filled out, thereby evidencing an intention of the parties not to incorporate any provision as to insurance in the deed of trust. Certainly in the absence of any amount being specified in the deed of trust, the parties of the first part therein, the defendants in this action, could not be penalized by a foreclosure sale for not procuring insurance.

Since we have reached the conclusion that the evidence fails to establish that there have been breaches in the conditions of the deed of trust justifying a foreclosure sale, it becomes unnecessary to discuss the other questions presented in the briefs, namely, the validity of the advertisement of the foreclosure sale, and the question of fraud arising out of the contention that the trustee in the deed of trust was acting for the plaintiffs, and those under whom they claim, without regard to the protection and rights of the defendants.

There being no evidence of a breach by the parties of the first part in the performance of the conditions in the deed of trust authorizing a foreclosure thereof, the deed from the party of the second part, the trustee, joined in by the party of the third part, the *cestui que trust,* who was likewise the assignor of the last and highest bid at the foreclosure sale, to the plaintiffs is rendered void, and since said void deed constituted an essential link in the chain of title of the plaintiffs, their action in ejectment must fail, as the burden was upon them to establish their title. It follows that the motion of the defendants duly lodged when the plaintiffs had introduced their evidence and rested their case, and renewed after all the evidence on both sides was in, to dismiss the action and for a judgment as in case of nonsuit (G. S., 1-183), should have been allowed. Hence the judgment of the Superior Court is

Reversed.