IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST EX-
ECUTED BY LORRAINE CORPORATION AND SOUTHEASTERN
BUSINESS COLLEGE, INC. DATED JUNE 6, 1967, AND RECORDED IN
BOOK 808, PAGE 264, DURHAM COUNTY REGISTRY TO WADE H.
HARGROVE, SUBSTITUTE TRUSTEE FOR SMALL BUSINESS AD-
MINISTRATION

IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST EX-
ECUTED BY DAVID W. STITH AND LORRAINE J. STITH, RECORDED
IN BOOK 897, PAGE 304, DURHAM COUNTY REGISTRY TO WADE H.
HARGROVE, SUBSTITUTE TRUSTEE FOR SMALL BUSINESS AD-
MINISTRATION

No. 7814SC699

(Filed 5 June 1979)

**Mortgages and Deeds of Trust § 24— failure to pay taxes—foreclosure proper**

     Deeds of trust were subject to foreclosure for default of payments and for
failure to pay ad valorem taxes on the property as grantors covenanted to do
in the deeds of trust where the deeds of trust designated a specific time, three
months, after nonpayment of taxes when default would be deemed, and taxes
for several years had been due and payable for a period of more than three
months when the trustee paid them.

APPEAL by respondents from *Lee, Judge.* Order entered 1
May 1978 in Superior Court, DURHAM County. Heard in the Court
of Appeals 24 April 1979.

This case involves the foreclosure and sale of properties
under two deeds of trust securing two promissory notes given on
6 June 1967 and 5 December 1967 in the principal amounts of
$75,000 and $25,000, respectively. The annual rate of interest was
5½ percent. The first note was to be paid in monthly installments
of $824 beginning six months from the date of the note and conti-
nuing until fully paid. The second note was to be paid in monthly
installments of $277 beginning three months from the date of the
note and continuing until fully paid. Three deeds of trust were
given to secure the debt of the two notes. Petitions for
foreclosure involved the first and third deeds of trust.

The first deed of trust was given by The Lorraine Corpora-
tion and Southeastern Business College, Inc. (Grantors) on 6 June
1967 to the trustees for the benefit of the Small Business Ad-
ministration (SBA) as security for payment of the first note of

$75,000. On 7 June 1967, David W. Stith and Lorraine J. Stith executed a separate guaranty agreement that guaranteed payment of this first note.

A second deed of trust was given by The Lorraine Corporation on 5 December 1967 to the trustees for the benefit of SBA as security for payment of the second note of $25,000. David W. Stith and Lorraine J. Stith, who owned and operated Lorraine Corporation and Southeastern Business College, Inc., expressly guaranteed payment of this second note by endorsing the face of the promissory note. The property given in both the first and second deeds of trust was the same.

The SBA accelerated payments under the above notes on 4 May 1970 for failure to make monthly payments, but foreclosure proceedings were not commenced at that time. In March 1974, a third deed of trust was given by David W. Stith and Lorraine J. Stith to the trustees for the benefit of SBA as security for payment of both the first and second notes, a total principal of $100,000. The property conveyed as security was different from that given in the first and second deeds of trust. Upon agreement of the parties by a letter of 31 May 1974, the loans were reinstated on the terms that the combined loan payments would be $600 per month from 1 February 1974 through 1 July 1974; $1,000 per month from 1 August 1974 through 1 November 1974; $1,200 per month from 1 December 1974 through 1 March 1975; and $1,500 per month from 1 April 1975 to maturity. After 1 November 1974, appellants submitted payments of $1,000 per month and contend the agreement of 31 May 1974 was subsequently modified, reducing payments to $1,000 per month until maturity. Between 19 January 1976 and 29 March 1976, no payments were received by SBA. On 17 March 1976, appellee gave notice of default and accelerated payments.

The deeds of trust contain covenants that the grantors pay all taxes upon the property. If the grantors failed to meet this obligation, the trustee could satisfy the same, and the money so advanced plus interest would become a part of the secured debt. Ad valorem taxes became due and payable on the secured property in the amount of $17,767.68. Payment of taxes was never made by appellants and a tax foreclosure suit was brought by the city and county governments of Durham on 24 November 1976. Appellants did not respond to this suit and SBA paid the taxes on 22 February 1977 under the terms of the deeds of trust.

In re Foreclosure of Deed of Trust

Appellee brought these foreclosure proceedings before the Clerk of the Superior Court of Durham County and an order of foreclosure was entered on 31 May 1977. From this order, appellants appealed to Superior Court. An order of foreclosure was entered by Judge Lee in Superior Court, Durham County, on 1 May 1978.

*United States Attorney H. M. Michaux, Jr., by Assistant United States Attorney Benjamin H. White, Jr., for appellee.*

*Malone, Johnson, DeJarmon & Spaulding, by T. Mdodana Ringer, Jr., for appellants.*

MARTIN (Harry C.), Judge.

We hold the first deed of trust was properly subject to foreclosure for default of payments. The trial court entered findings of fact that no payments were received by the SBA from 19 January 1976 until 17 March 1976 when SBA notified the grantors and guarantors that the loans were in default and had been accelerated. The findings of fact by a trial judge are conclusive on appeal if there is competent evidence in the record to support them. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968). There is ample evidence in the record to support the above findings of fact.

We hold the third deed of trust was properly subject to foreclosure for default of payments and for failure to pay the taxes on the property. As stated above, the trial court entered findings of fact to the effect that payments were in default and this is conclusive on appeal if there is supporting competent evidence in the record. *Id.*

Additionally, petitioner was entitled to foreclosure of the third deed of trust for failure of grantors to pay the ad valorem taxes as they had covenanted to do in the deed of trust. In *Oliver v. Piner*, 224 N.C. 215, 29 S.E. 2d 690 (1944), a foreclosure action for grantors' failure to pay the taxes on the land was not sustained. The Court in *Oliver* reasoned that the provisions of the deed of trust were not specific or definite as to a fixed time when nonpayment of taxes would constitute default. This case is not controlling here. The third deed of trust provides:

[S]hould they [grantors] fail or neglect to pay all taxes and assessments which are or may be levied against or which may constitute a lien upon said land within three months after the same shall have become due and payable, then in either one or more of such events all of said notes shall immediately become due and payable at the option of the holders thereof, . . ..

The deed of trust designates a specific time after nonpayment of taxes when default shall be deemed. Ad valorem taxes become due and payable on the first day of September of the fiscal year for which the taxes are levied. N.C. Gen. Stat. 105-360(a). There is evidence in the record that the delinquent taxes accrued over several years. The taxes for prior years, and even the taxes for the year 1976, had been due and payable for a period of more than three months when the SBA paid the ad valorem taxes on 22 February 1977. The deed of trust was subject to foreclosure for failure to pay the required taxes.

The uncontradicted evidence showed respondents received $100,000 in loans from an agency of the United States in 1967. As of 18 November 1976, they owed $111,909.92, including accumulated interest at the very favorable rate of 5½ percent. No payments have been made on this indebtedness since 19 January 1976. Interest of $14.99 is accumulating daily.

Every consideration has been extended to the respondents by the officials of the SBA and United States Government. The rights of the respondents have been zealously protected by the courts of North Carolina. It is time for this foreclosure to proceed.

The findings of Judge Lee are amply supported by competent evidence in the record, and sustain the order allowing the foreclosure. Respondents' assignments of error are without merit. The order of the trial court is

Affirmed.

Judges PARKER and MITCHELL concur.