IN THE MATTER OF FORECLOSURE OF A DEED OF TRUST EXECUTED BY WARREN HELMS AND WIFE, JONNIE T. HELMS, TO W. O. McGIBONY, TRUSTEE AND THE FEDERAL LAND BANK OF COLUMBIA, DATED JUNE 24, 1969, AND RECORDED IN BOOK A-182 PAGE 196, UNION COUNTY REGISTRY, BY C. FRANK GRIFFIN, SUBSTITUTE TRUSTEE

No. 8120SC363

(Filed 1 December 1981)

1. **Evidence § 31— best evidence rule—photocopies**

    The best evidence rule was not violated by the admission of photocopies of a note and deed of trust where the mortgagors testified that the documents appeared to be photocopies of the note and deed of trust they had signed and that the photocopies of their signatures appeared to be copies of their actual signatures.

2. **Mortgages and Deeds of Trust § 25— foreclosure of deed of trust—sufficiency of evidence to support court's findings**

    The evidence in a foreclosure hearing was sufficient to support findings by the trial court that respondents had executed a deed of trust, the deed of trust secured a valid debt evidenced by a note payable to a bank, there had been a default because of failure of the mortgagors to pay property taxes on the mortgaged land, and nonpayment of the taxes gave the substitute trustee the right to foreclose.

3. **Mortgages and Deeds of Trust § 25— hearing on right to foreclose—no consideration of equitable defense**

    In a hearing on the right to foreclose pursuant to the power of sale in a deed of trust, the clerk or the judge on appeal may not enjoin foreclosure upon equitable grounds but may enjoin foreclosure only upon a ground stated in G.S. 45-21.16. Therefore, the trial court in such a hearing could not properly consider the mortgagors' contention that the mortgagee had waived its right to foreclose.

APPEAL by respondents from *Freeman, Judge.* Judgment entered 11 December 1980 in Superior Court, UNION County. Heard in the Court of Appeals 17 November 1981.

Respondents appeal from an order authorizing the substitute trustee to proceed with foreclosure of their real estate.

On 18 November 1980, there was a hearing before the Clerk of Superior Court of Union County to determine the substitute trustee's right to foreclose on property owned by respondents. From an order authorizing such sale, respondents appealed to the Superior Court under G.S. 45-21.16.

At the hearing *de novo* held 8 December 1980, the following evidence was presented. On 24 June 1969, Warren and Jonnie T. Helms executed a deed of trust securing a debt of $67,500.00. The Federal Land Bank of Columbia is holder of both the note and the deed of trust. According to the terms of the deed of trust, the mortgagors are to pay, when due, all taxes assessed against the land. Upon failure to comply with this covenant, The Federal Land Bank retains the options of paying the unpaid taxes and seeking immediate repayment or declaring all amounts secured under the instrument immediately due.

On 18 March 1980, The Federal Land Bank gave respondents written notice that Union County real property taxes for 1978 and 1979, as well as Cabarrus County real property taxes for 1979, were past due and had become liens on the real estate. The bank stated that failure of the mortgagors to pay the taxes by 30 April 1980 would result in its payment of the taxes and charges assessed to the respondents' account. When respondents had not paid the taxes by 15 May 1980, The Federal Land Bank paid them.

On 18 June 1980, The Federal Land Bank unsuccessfully sought reimbursement from respondents. On 1 July 1980, it mailed the Helms notice that the loan was in default because of the nonpayment of delinquent taxes. In a second notice dated 21 August 1980, the bank stated its right under the deed of trust to accelerate payment. As a courtesy to respondents, however, foreclosure could be avoided by their contacting Larry Shoffner, an officer of The Federal Land Bank, and making satisfactory arrangements within fifteen days. Satisfactory financial arrangements were not made within that time.

Based on the evidence presented, the court found that Warren and Jonnie Helms had created a valid debt secured by a deed of trust; that the holder of the note was The Federal Land Bank of Columbia; that there had been a default in payment of the indebtedness; and that the Helms, the record owners of the real estate, had received proper notice of hearing before the clerk. It, therefore, ordered that the substitute trustee could proceed with foreclosure of respondents' real estate secured by the deed of trust.

*Perry and Bundy, by Donald C. Perry and H. Ligon Bundy, for petitioner appellee.*

*Harry B. Crow, Jr., for respondent appellants.*

VAUGHN, Judge.

[1] Respondent-mortgagors make several assignments of error. They first contend the trial court erred in admitting into evidence photocopies of the promissory note and deed of trust. They argue that under the "best evidence" rule, the originals should have been required. We disagree.

The rationale behind the "best evidence" rule is that the original instrument best identifies its own contents. 2 Stansbury, N.C. Evidence § 190 (Brandis rev. 1973). When the opposing party, however, admits that the documents shown him are correct copies of the original, the original need not be produced. *Beard v. R.R.*, 143 N.C. 137, 55 S.E. 505 (1906); *Cleary v. Cleary*, 37 N.C. App. 272, 276, 245 S.E. 2d 824, 827 (1978).

In the present cause, both mortgagors examined the documents in question. They testified that the documents appeared to be photocopies of the note and deed of trust they had signed and that the photocopies of their signatures appeared to be copies of their actual signatures. The only question the respondents raised was that Mr. Helms did not recall the presence of an eight percent interest rate in the note. The amount outstanding of a debt, however, is not relevant to a foreclosing proceeding. *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E. 2d 915, 918 (1980). We conclude that the photocopies of the note and deed of trust were properly admitted.

[2]　Respondents' next three assignments of error argue the lack of sufficient evidence to support the court's findings of fact. Since the note and deed of trust were properly admitted, however, there is ample evidence to support the court's findings that respondents had executed a deed of trust, that the deed of trust secured a valid debt evidenced by a note payable to The Federal Land Bank of Columbia, and that there had been default in the payment of indebtedness. Because the deed of trust specified a fixed time when nonpayment of taxes became a default, the court also correctly found that nonpayment gave the substitute trustee the right to foreclose. *In re Foreclosure of Deed of Trust*, 41 N.C. App. 563, 255 S.E. 2d 260, *cert. denied,* 298 N.C. 297, 259 S.E. 2d 914 (1979). Respondents' assignments of error are overruled.

[3]　Respondents' final assignment of error is that the court erred in failing to conclude that The Federal Land Bank of Columbia had waived its right to foreclosure. We hold that the court properly excluded consideration of any equitable defense raised at the hearing *de novo.*

Respondents testified that after receiving the bank's letter of 21 August 1980, they contacted Mr. Shoffner on the 25th of August. He told them they would have a few weeks to "catch up the note." Relying on the delay, respondents arranged to sell another tract of land to a third party. One week later, when Mrs. Helms called Mr. Shoffner to learn how much money they would need to reimburse the bank for the tax payment, she was told that reimbursement would not be acceptable. Foreclosure proceedings had begun. Respondents argue that if the court had made findings consistent with their testimony, it would have concluded that the bank had waived any foreclosure right it may have had.

According to G.S. 45-21.16, however, there are only four issues before the clerk at a foreclosure hearing: the existence of a valid debt of which the party seeking to foreclose is the holder, the existence of default, the trustee's right to foreclose, and the sufficiency of notice to the record owners of the hearing. The clerk's findings are appealable to the Superior Court within ten days for a hearing *de novo,* but the court's authority is likewise limited. *In re Foreclosure of Burgess, supra.* The judge has no equitable jurisdiction and cannot enjoin foreclosure upon any

ground other than the ones stated in G.S. 45-21.16. *Golf Vistas v. Mortgage Investors*, 39 N.C. App. 230, 249 S.E. 2d 815 (1978); *In re Watts*, 38 N.C. App. 90, 247 S.E. 2d 427 (1978).

Because the hearing under G.S. 45-21.16 is designed to provide a less timely and expensive procedure than foreclosure by action, it does not resolve all matters in controversy between mortgagor and mortgagee. If respondents feel that they have equitable defenses to the foreclosure, they should be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34.

The judgment of the trial court is affirmed.

Affirmed.

Judges WEBB and HILL concur.