IN RE: FORECLOSURE OF DEED OF TRUST OF MICHAEL WEINMAN ASSOCIATES, GENERAL PARTNERSHIP

No. 9026SC1233

(Filed 20 August 1991)

1. **Mortgages and Deeds of Trust § 25 (NCI3d) — foreclosure — power of sale — refusal to release partial tract — defense**

   The refusal of the seller to release a part of a tract of land from a deed of trust after a payment could be raised as a defense to the seller's right to foreclose. The trustee would exceed his authority under the deed of trust by foreclosing on the remainder of the property, including the disputed second tract, if respondent is entitled to have that tract released. N.C.G.S. § 45-21.16(d).

   **Am Jur 2d, Mortgages § 468.**

2. **Mortgages and Deeds of Trust § 25 (NCI3d) — foreclosure — power of sale — refusal to release partial tract — failure to pay taxes**

   The trial court correctly found in a foreclosure action that the seller's refusal to release a portion of the tract from the deed of trust was not justified by respondent's failure to pay ad valorem taxes where the deed of trust provided

**IN RE FORECLOSURE OF WEINMAN ASSOCIATES**

[103 N.C. App. 756 (1991)]

that any failure to comply with its covenants would empower the trustee to sell where the default was not cured after written notice. Petitioner never notified respondent that taxes were owed until more than a year after respondent had paid for the partial tract.

**Am Jur 2d, Mortgages §§ 284, 554.**

Judge GREENE dissenting.

APPEAL by North Mecklenburg Associates from order denying authorization to proceed with foreclosure entered 21 September 1990 by *Judge Kenneth A. Griffin* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 5 June 1991.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by John W. Ervin, Jr., for petitioner.*

*Weinstein & Sturges, P.A., by L. Holmes Eleazer, Jr., T. LaFontine Odom and Thomas D. Myrick, for respondent.*

LEWIS, Judge.

On 7 April 1988 petitioner, North Mecklenburg Associates (North Mecklenburg), conveyed to respondent, Michael Weinman Associates General Partnership (Weinman), a parcel of land in Mecklenburg County of approximately 400 acres. At the time of the conveyance Weinman executed a promissory note in favor of North Mecklenburg which was secured by a deed of trust upon the 400 acres. The terms of the deed of trust and note essentially required that Weinman pay off the note in four equal payments. One-fourth of the purchase price of $1,400,566.50 was to be paid immediately upon closing on 7 April 1988. The remaining three-fourths of the purchase price was to be paid in equal amounts on 7 April 1989, 7 April 1990, and 7 April 1991, along with accrued interest.

At the closing on 7 April 1988, Weinman paid $350,139.13 and received a release of a 100-acre tract of land from North Mecklenburg. The deed of trust contained a provision for further releases of land upon payments by Weinman, specifically:

The Beneficiary agrees to release additional tracts of land from the Deed of Trust in direct proportion to principal payments made by the Grantor to the Beneficiary under the Promissory Note which is secured by this Deed of Trust. As to such Releases,

**IN RE FORECLOSURE OF WEINMAN ASSOCIATES**

[103 N.C. App. 756 (1991)]

the Grantor and the Beneficiary have agreed as follows: Approximately 100 acres of land shall be released on each of the principal payment dates, to wit, April 7, 1989, April 7, 1990 and April 7, 1991.

The deed of trust provided, however:

Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

The deed of trust also required that "[Weinman] shall pay all taxes . . . lawfully levied against said Premises within thirty (30) days after the same shall become due."

On 7 April 1989 Weinman made a payment of $444,676.68 representing $350,139.12 of principal plus accrued interest. North Mecklenburg did not, nor has it ever, released a second 100-acre tract. On 7 April 1990 Weinman failed to make the third payment of principal and interest which was then due and has never made this payment. Weinman also failed to pay part of the 1988 ad valorem property taxes on the property when due and these taxes remained outstanding as of 10 August 1990.

After Weinman failed to make the 7 April 1990 principal payment, North Mecklenburg initiated foreclosure proceedings under the deed of trust. On 28 June 1990 a hearing was held before the assistant clerk of the Superior Court of Mecklenburg County who denied North Mecklenburg authorization to foreclose. North Mecklenburg appealed to Superior Court for a de novo hearing which was held 20 August 1990. At the conclusion of that hearing, the trial judge held that North Mecklenburg's right to foreclose was barred by its failure to release the second 100-acre tract of land upon payment by Weinman on 7 April 1989. The judge denied North Mecklenburg's petition to foreclose. North Mecklenburg appeals.

The issues are (I) whether Weinman's claim that it was entitled to the release of a 100-acre tract of land from the deed of trust could be raised as a defense to North Mecklenburg's right to foreclose at a hearing under N.C.G.S. § 45-21.16 (1984); and (II) whether Weinman's failure to pay a portion of the property taxes defeats its right to a release of the second 100-acre tract.

**IN RE FORECLOSURE OF WEINMAN ASSOCIATES**

[103 N.C. App. 756 (1991)]

I

[1]  A foreclosure sale pursuant to a power of sale contained in a deed of trust will be authorized only if the existence of the following four elements is found:

> (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such. . . .

N.C.G.S. § 45-21.16(d) (1984). In this case, the parties do not dispute that three of the four elements of § 45-21.16(d) are present. The only element in dispute is § 45-21.16(d)(iii), North Mecklenburg's "right to foreclose under the instrument." The right to foreclose exists "if there is competent evidence that the terms of the deed of trust permit the exercise of the power of sale under the circumstances of the particular case." *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918, *appeal dismissed*, 301 N.C. 90, 273 S.E.2d 296 (1980).

Weinman argues that North Mecklenburg has a contractual obligation to release the second 100-acre tract prior to foreclosure because that tract was paid for, and that North Mecklenburg's failure to do so is a defense to the petition for foreclosure. Specifically, Weinman argues that the third element of § 45-21.16(d) is not present because North Mecklenburg has no right to foreclose the second 100-acre tract.

If Weinman is entitled to have the second tract released, the trustee would exceed his authority under the instrument by foreclosing on the remainder of the property including the second tract. The issue of the release of the second tract is therefore directly related to whether there is a "right to foreclose" under the instrument. The petitioner argues that the issue of the release may not be considered because such is not expressly provided in the statute. This Court has clearly stated that "[l]egal defenses which negate any of the requisite findings [necessary for foreclosure] are properly considered," because "to preclude presentation of legal defenses to the four requisites to authorization of sale would render the hearing provided by this statute a largely purposeless formality." *In re Foreclosure of Deed of Trust*, 55 N.C. App. 373, 375-76, 285 S.E.2d 615, 616 (1982), *aff'd*, 306 N.C. 451, 293 S.E.2d 798 (1982).

IN RE FORECLOSURE OF WEINMAN ASSOCIATES

[103 N.C. App. 756 (1991)]

II

[2]   Weinman covenanted in the deed of trust to pay all taxes which would be levied against the property. The trial court found as fact, which is not disputed on appeal, that Weinman failed to timely pay a portion of the 1988 ad valorem property taxes.

However, the trial court was correct in finding that the petitioner's refusal to release the second tract was not justified by Weinman's failure to pay 1988 ad valorem taxes. The Deed of Trust provides that any failure to comply with the covenants contained therein will empower the trustee to sell where "such default is not cured within fifteen days after written notice." The record shows that North Mecklenburg never notified Weinman that taxes were owed and that neither petitioner nor Weinman knew that taxes were owed until more than a year after Weinman had paid for the second tract. The trustee is not empowered to foreclose on the second tract until demand or notice of nonpayment of taxes is given and Weinman fails to comply within fifteen days. *See Oliver v. Piner*, 224 N.C. 215, 29 S.E.2d 690 (1944). The trial court was therefore correct in finding that petitioner's failure to release the second tract bars its right to foreclose.

Affirmed.

Judge EAGLES concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

Assuming without deciding that Weinman's claim is of a type that can be raised in a foreclosure hearing, Weinman's failure to pay the property taxes defeats its right to a release of the second 100-acre tract of land.

Weinman covenanted in the deed of trust to pay all taxes which would be levied against the property within thirty (30) days after they became due. It is not disputed that Weinman failed to timely pay a portion of the 1988 ad valorem property taxes. Real property taxes are due on 1 September of the fiscal year in which they are levied. N.C.G.S. § 105-360(a) (1988) (applicable statute); *In re Foreclosure of Deed of Trust (Lorraine Corp.)*, 41 N.C. App. 563, 566, 255 S.E.2d 260, 262, *disc. rev. denied*, 298

N.C. 297, 259 S.E.2d 914 (1979). Ad valorem taxes for 1988 were due on 1 September 1988. The thirty-day grace period for payment of taxes provided for in the deed of trust expired on 30 September 1988. Thereafter, by failing to pay these taxes, Weinman was not in compliance with the terms of the deed of trust.

The deed of trust explicitly provides that "[n]otwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor . . . is in full compliance with all of the terms and provisions of . . . this Deed of Trust . . . ." Because Weinman was not in compliance with the deed of trust at the time of the second payment of principal and interest, such noncompliance defeated Weinman's right to a release of the second 100-acre tract.

The majority holds that North Mecklenburg is precluded from foreclosing on the basis of the failure to pay taxes because North Mecklenburg failed to give proper written notice in accordance with the terms of the deed of trust. Although this may be true, the foreclosure sale was sought on the basis of the failure to make the 7 April 1990 payment of principal and interest, not the failure to pay the taxes. Thus, the issue is not whether North Mecklenburg could foreclose based upon the failure to pay taxes, but whether such failure to pay taxes defeats Weinman's right to a release.

The majority relies on the case of *Oliver v. Piner*, 224 N.C. 215, 29 S.E.2d 260 (1944), for the proposition that default on the deed of trust does not occur "relative to taxes until demand or notice is given and [Weinman] fails to comply." This reliance is misplaced for two reasons. First, the foreclosure in *Oliver* was based on the failure to pay taxes, whereas in this case, foreclosure was based on failure to make the second principal and interest payment. The failure to pay taxes here relates only to the right to a release. Second, the deed of trust in *Oliver* did not specify a time when taxes were due. Hence, the Supreme Court held notice was therefore necessary before initiating foreclosure. In this case, however, the time when taxes were due was clearly specified in the deed of trust. *See Lorraine Corp.* at 565, 255 S.E.2d at 262 (holding that *Oliver* does not control when deed of trust designates specific time when payment of taxes is due).

Because Weinman has no right to have the 100-acre tract released, North Mecklenburg's failure to release does not constitute a defense to the petition for foreclosure under N.C.G.S. § 45-21.16.

PEOPLES SAVINGS AND LOAN ASSN. v. CITICORP ACCEPTANCE CO.

[103 N.C. App. 762 (1991)]

Accordingly, the trial court erred in refusing to authorize the foreclosure sale and I would reverse and remand this case for entry of an order authorizing the foreclosure sale to proceed.

Furthermore, Weinman is not without recourse. Weinman may file a suit to enjoin this foreclosure sale under N.C.G.S. § 45-21.34 in which it may assert any equitable ground sufficient to enjoin the foreclosure sale. *See* N.C.G.S. § 45-21.34 (1984) (injunction may be sought for any "equitable ground which the court may deem sufficient"); *In re Foreclosure of Deed of Trust (Helms)*, 55 N.C. App. 68, 72, 284 S.E.2d 553, 555 (1981), *disc. rev. denied*, 305 N.C. 300, 291 S.E.2d 149 (1982) (equitable defenses to foreclosure should be asserted in action under N.C.G.S. § 45-21.34); *Burgess* at 604, 267 S.E.2d at 918 (action under N.C.G.S. § 45-21.34 available to remedy any prejudice after sale is authorized under N.C.G.S. § 45-21.16).