**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1469**

SUNTRUST MORTGAGE INCORPORATED,

        Plaintiff – Appellee,

    v.

DONALD D. BUSBY, JR.; ROBERT G. RONK; KENNARD DAVIS,

        Defendants – Appellants,

    and

LORI A. NASSIDA; KELLY M. BAKER; MICHAEL T. BAKER; ROBERT
JOHN CUPELLI; LEIGH K. CUPELLI; DEANNA DAVIS; DEAN R.
CUMMINGS; JEFFREY A. SYKES; GUY BARMOHA; GREGORY M.
SCHUETZ; NATALIE BOUTROS; PAUL MULA,

        Defendants.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.    Martin K.
Reidinger, District Judge. (2:09-cv-00003-MR-DLH)

Submitted:  January 30, 2012        Decided:  March 19, 2012

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael G. Wimer, WIMER & ASSOCIATES, P.C., Asheville, North
Carolina, for Appellants.  Robert D. Perrow, J.B. McGuire Boyd,
WILLIAMS MULLEN, P.C., Richmond, Virginia; Elizabeth C. Stone,

WILLIAMS MULLEN, P.C., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendants-Appellants Donald D. Busby, Robert G. Ronk, and Kennard Davis (hereinafter "Appellants") appeal the district court's order granting summary judgment in favor of Plaintiff-Appellee SunTrust Mortgage, Inc. (hereinafter "SunTrust") in SunTrust's action to recover a deficiency judgment on promissory notes following foreclosure by power of sale on Appellants' properties. Finding no error, we affirm.

Appellants claim that the district court erred in finding Appellants' equitable defenses barred by res judicata because they were not raised in a proceeding under N.C. Gen. Stat. § 45-21.34 (2006). The district court held that Appellants' defenses challenged the validity of the debt and default, which a North Carolina superior court had already determined to be valid during a hearing to confirm the power of sale foreclosure pursuant to N.C. Gen. Stat. § 45-21.16 (2006). The court further held that, while Appellants could not have raised these equitable defenses in the hearing under § 45-21.16, they could have raised their equitable defenses in a proceeding to enjoin the foreclosure under N.C. Gen. Stat. § 45-21.34 (2006). The court concluded that their failure to do so resulted in the rights of the parties to the foreclosure becoming "fixed" and therefore barred Appellants from raising such an equitable challenge in a later proceeding in a different

3

forum.  The court also noted that its holding was in accord with cases from the Eastern and Middle Districts of North Carolina. See Merrill Lynch Bus. Fin. Servs., Inc. v. Cobb, No. 5:07-cv-129D, 2008 WL 6155804, at *3-4 (E.D.N.C. Mar. 18, 2008); Brumby, Jr. v. Deutsche Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 3219353 (M.D.N.C. Aug. 13, 2010) (adopting the magistrate judge's report and recommendation, 2010 WL 617368 (M.D.N.C. Feb. 17, 2010)).

We find the district court's reasoning to be persuasive.  The doctrine of res judicata applies "not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, [e]xercising reasonable diligence, might have brought forward at the time and determined respecting it." Painter v. Wake Cnty. Bd. of Educ., 217 S.E.2d 650, 655 (N.C. 1975).  Both § 45-21.16 and § 45-21.34 are parts of a coherent statutory framework intended to preserve the limited rights of a mortgagor subject to a power of sale foreclosure.  See, e.g., In re Foreclosure of Deed of Trust by Goforth Props., Inc., 432 S.E.2d 855, 858-59 (N.C. 1995); In re Helms, 284 S.E.2d 553, 555 (N.C. Ct. App. 1981); see also Turner v. Blackburn, 389 F. Supp. 1250, 1258 (W.D.N.C. 1975).  To permit challenges to the validity of the default outside this framework would defeat the

4

legislative intent behind the North Carolina statutory scheme. Despite the unique timing of this case, we are not persuaded that Appellants were effectively barred from filing an action pursuant to § 45-21.34. Accordingly, we conclude that the district court did not err in finding Appellants' defenses barred by the doctrine of res judicata.

Because we find Appellants' equitable arguments to be properly barred by res judicata, we find no merit in Appellants' contention that a genuine issue of material fact existed with respect to Appellants' "quasi-estoppel" argument. We further find that the district court did not err in holding that Appellants' challenge to the materiality of the default should have been raised in the § 45-21.16 proceeding and therefore also is barred by res judicata.

Appellants also argue that the district court erred in finding that they had not forecast competent evidence to support a claim to offset SunTrust's deficiency judgment. Both cases cited by Appellants are distinguishable. See First Citizens Bank & Trust Co. v. Cannon, 530 S.E.2d 581, 583 (N.C. Ct. App. 2000); Queen v. Queen, No. COA07-1207, 2008 N.C. App. LEXIS 638, at *5-6 (N.C. Ct. App. Mar. 19, 2008). Thus, we find that the district court did not err in determining that tax valuations do not, by themselves, provide competent evidence sufficient to establish market value. See Star Mfg. v. Atl. Coast Line R.

5

Co., 23 S.E.2d 32, 36 (N.C. 1942).  We also conclude that the district court did not err in determining that the county tax assessor's testimony did not provide additional support for the tax valuation evidence and that his testimony as to valuation was therefore inadmissible.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6