**IN RE GRAY**

[225 N.C. App. 46 (2013)]

IN RE FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM ROBERT H GRAY AND WIFE, AMY P GRAY, IN THE ORIGINAL AMOUNT OF $360,800.00, AND DATED MARCH 5, 2007 AND RECORDED ON MARCH 19, 2007 IN BOOK 7404 AT PAGE 114, CABARRUS COUNTY REGISTRY TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE

No. COA12-854

Filed 15 January 2013

**1. Appeal and Error—standard of review—holder of valid debt—de novo**

The determination that respondents were the holder of a valid debt required judgment and the application of law and was reviewed on appeal *de novo*.

**2. Mortgages—foreclosure—determination of valid debt**

The trial court did not err by concluding that a valid debt existed in a foreclosure action where petitioners argued that respondents were required to show evidence that the underlying loan transaction was not accomplished in violation of any statute. The precedent relied upon by petitioners was distinguishable on its facts, petitioners merely argued conclusions without stating any specific factual allegations, no support for petitioner's contention was found in their precedent, and equitable defenses to the foreclosure should be asserted in an action to enjoin the foreclosure sale.

Appeal by petitioners from order entered 2 February 2012 by Judge A. Robinson Hassell in Cabarrus County Superior Court. Heard in the Court of Appeals 11 December 2012.

*Michael K. Elliot, Adam G. Breeding, and Maggie Decker of ELLIOT LAW FIRM, for petitioners.*

*Donald Richard Pocock, for JPMorgan Chase Bank, N.A..*

*Jeremy B. Wilkins, for Trustee Services of Carolina.*

ELMORE, Judge.

Robert H. Gray and Amy P. Gray (petitioners) appeal from an order entered 2 February 2012 allowing the foreclosure sale of their home. We affirm.

## I. Background

In January 2007, petitioners entered into a "Mortgage Loan Origination Agreement" and a "Mortgage Brokerage Business Contract" with Financial Resources Mortgage, Inc. (FRM) to refinance their existing home loan. Their mortgage broker and loan originator through FRM was Jason Davis. He secured a residential mortgage for petitioners through Lydian Private Bank (Lydian). On the day of the closing, a notary, John Frechette, acted as the signing agent. No attorney was present at the closing, but petitioners allege that Davis and Frechette advised them as to their rights and obligations under the mortgage. After the closing, the deed of trust securing the promissory note for the loan was recorded in Cabarrus County, and petitioners began making monthly mortgage payments.

A few months later, the note was transferred to Washington Mutual and then again sometime after that to JPMorgan Chase Bank, N.A. (respondent). On 17 January 2011, petitioners received a notice of default, reflecting respondent's intention to foreclose. On 3 November 2011, the clerk of Cabarrus County Superior Court entered an order allowing the foreclosure sale. Petitioners then appealed to the trial court. After a *de novo* hearing on 23 January 2012, the trial court entered an order on 2 February 2012 allowing the foreclosure sale. Petitioners now appeal.

## II. Argument

**[1]** On appeal, petitioners challenge the trial court's finding that respondent "is the holder of the note sought to be foreclosed and the note evidences a valid debt owed by" petitioners. First, petitioners argue that this finding is actually a conclusion of law. We agree.

This Court has held that "any determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law." *N.C. State Bar v. Key*, 189 N.C. App. 80, 88, 658 S.E.2d 493, 499 (2008) (quotations and citations omitted). We conclude that the determination that respondents are the holder of a valid debt requires judgment and the application of law. As such, we will review accordingly, *see Id.* ("classification of an item within the order is not determinative, and, when necessary, the appellate court can reclassify an item before applying the appropriate standard of review."). We review the trial court's conclusions of law *de novo*. *See In re Foreclosure of a Deed of Trust Executed by Bradburn*, 199 N.C. App. 549, 551, 681 S.E.2d 828, 830 (2009) ("The trial court's conclusions of law are reviewable *de novo*.") (citation omitted).

**[2]** Turning now to petitioners' primary argument on appeal, petitioners contend that the trial court erred in concluding that a valid debt existed here, given this Court's ruling in *In re Bradburn*. According to petitioners, as a result of *In re Bradburn*, respondents were required to show evidence that the underlying loan transaction was not accomplished in violation of any statute. We reject petitioners' argument.

In *In re Bradburn*, the foreclosing party, Paragon, initiated a foreclosure proceeding in Iredell County. There, the clerk determined that Paragon was not licensed to act as a mortgage broker or mortgage banker at the time the Bradburns executed their note and deed of trust. Accordingly, the clerk concluded that Paragon had failed to prove the existence of a valid debt because the note was unenforceable. Paragon then appealed to the trial court. The trial court conducted a *de novo* hearing and also found that Paragon was unlicensed and in direct violation of N.C. Gen. Stat. § 53-243.03. The trial court then concluded that due to this violation, the note and deed of trust were illegal and unenforceable, and as a result, Paragon had failed to prove the existence of a valid debt. Paragon then appealed to this Court, arguing that the trial court erred in concluding that there was no valid debt. We held that a contract made in violation of a statute is not void *ab initio*, but rather, may be voidable. We then determined that "it is the province of the trial court, not the appellate court, to weigh the evidence and decide the equities. Therefore, we remand to the trial court to determine whether the Note and Deed of Trust are unenforceable under the facts and circumstances of this case." *In re Bradburn*, 199 N.C. App. at 556, 681 S.E.2d at 833.

First, we conclude that the facts of the case *sub judice* are distinguishable from *In re Bradburn*. Here, petitioners argue that Davis and Frechette engaged in the unauthorized practice of law, which renders the debt in question invalid. However, unlike the Bradburns, petitioners have not directed our attention to any specific statutory violation. Petitioners appear to reference N.C. Gen. Stat. § 84-4 (2011), which prohibits "any person or association of persons except active members of the Bar, for or without a fee or consideration, to give legal advice or counsel, perform for or furnish to another legal services[.]" However, petitioners have provided no factual basis for their argument, and the record is devoid of any specifics regarding the actions of Davis and Frechette which would amount to a violation of this statute. In short, we conclude that petitioners have merely argued conclusions without stating any specific factual allegations. As such, petitioners' argument must fail. We also note that on remand from this Court, the trial court in *In re Bradburn* nonetheless found

the debt to be valid, despite the indisputable statutory violation. Thus, assuming *arguendo* that such a violation had been sufficiently alleged and proved here, the case cited by petitioners is not an absolute bar to the validity of the debt in question.

Further, we also reject petitioners' contention that our ruling in *In re Bradburn* somehow created a requirement of foreclosing parties to "show evidence that the underlying loan transactions were not accomplished in violation of any statute if the purported debtor tenders evidence suggesting otherwise." We can find no support for petitioner's contention in our ruling in *In re Bradburn*.

In *In re Bradburn*, we simply held that the trial court erred in concluding that the statutory violation at issue rendered the debt void *ab initio*. We remanded to the trial court, in short, with instructions to weight the evidence presented during the *de novo* hearing and to determine if the debt was valid "under the facts and circumstances of th[e] case." *In re Bradburn*, 199 N.C. App. at 556, 681 S.E.2d at 833. Nowhere in that opinion did we mandate that Paragon, the foreclosing party, was required to present evidence to show that the statute in question was not violated.

Further, we note that foreclosure under a power of sale is strictly governed by statute. According to our General Statutes, so long as the clerk finds the existence of 1) valid debt, 2) default, 3) right to foreclose under the instrument, and 4) proper notice, then the sale may be authorized. *See* N.C. Gen. Stat. § 45-21.16 (2011). To require otherwise would place a great burden on our many clerks' offices. In accordance with this principle, this Court has held that because the foreclosure by power of sale statute "is designed to provide a less timely and expensive procedure than foreclosure by action, it does not resolve all matters in controversy between mortgagor and mortgagee. If respondents feel that they have equitable defenses to the foreclosure, they should be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34." *In re Helms*, 55 N.C. App. 68, 72, 284 S.E.2d 553, 555 (1981). Thus, again, petitioners' argument fails.

### III.  Conclusion

In sum, we reject petitioners' arguments and conclude that the trial court did not err.

Affirmed.

Judges McGEE and HUNTER, Robert C. concur.