IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-594

Filed 20 February 2024

Buncombe County, No. 21 SP 183

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY GEORGE JONES DATED JULY 20, 2017 AND RECORDED IN BOOK 5574 AT PAGE 273 IN THE BUNCOMBE COUNTY PUBLIC REGISTRY, NORTH CAROLINA

Appeal by petitioner from order entered 14 March 2023 by Judge Daniel A. Kuehnert in Buncombe County Superior Court. Heard in the Court of Appeals 28 November 2023.

*Alexander Ricks, PLLC, by Amy P. Hunt, for petitioner-appellant.*

*Deutsch & Gottschalk, P.A., by Tikkun A.S. Gottschalk, for respondents-appellees.*

ZACHARY, Judge.

Petitioner American Advisors Group (hereinafter "AAG") appeals from the superior court's order denying its "right to a [nonjudicial] power of sale foreclosure" on the ground that AAG, as reverse mortgage lender, failed to comply with the statutorily required credit counseling provisions, and therefore the Note did not evidence a valid debt. After careful review, we reverse and remand for further proceedings.

## **BACKGROUND**

In 2017, 83-year-old George Jones qualified for a reverse mortgage on his home. A reverse mortgage is a loan that is marketed to people 62 years of age and older and that is secured by a first mortgage or first deed of trust on the mortgagor's principal residence. This type of mortgage requires no repayment until a future time, upon the earliest occurrence of one or more events specified in the reverse mortgage loan contract; the debt often becomes payable upon death or when the encumbered property is no longer the homeowner's primary residence. *See* N.C. Gen. Stat. § 53-257(6) (2023).

In the present case, Jones received the statutorily required loan counseling on 19 May 2017, which AAG notes was "conducted by a third-party unrelated to the lender and approved by HUD." The court found that the loan counseling "took place via telephone and lasted 75 minutes." When the counseling was completed, the counselor input the following to the HUD database: "Certificate issued. Client appeared to understand reverse mortgage concepts and responded appropriately to most questions."

On 20 July 2017, a "traveling notary" came to Jones's house and notarized his signature on the loan closing documents, including an adjustable rate home-equity conversion note (the "Note") and deed of trust ("Deed of Trust"). Jones agreed to repay all sums advanced to him by AAG, not to exceed $211,500.00, and secured the debt with the Deed of Trust on his home in Asheville, North Carolina (the "Property"). The

Deed of Trust was recorded at Book 5574, page 273 of the Buncombe County Registry. AAG paid the loan proceeds into Jones's bank account.

Jones died on 25 December 2019, and the entire debt immediately became due pursuant to the terms of the Note. Shortly after his death, AAG notified one of Jones's sons, who was serving as the administrator of Jones's estate, that the "death was an event of default under the Deed of Trust" and "that the loan balance of $105,393.23 was due and owing."

On 4 May 2021, the substitute trustee on the Deed of Trust initiated the instant nonjudicial power-of-sale foreclosure before the Buncombe County Clerk of Superior Court. On 12 April 2022, this matter came on for hearing before the assistant clerk, who subsequently entered an order "denying authorization to sell real property" under the power-of-sale provision in the Deed of Trust. AAG timely appealed to superior court.

On 14 November 2022, AAG's appeal came on for hearing de novo in Buncombe County Superior Court. On 14 March 2023, the superior court entered an order denying AAG's right to proceed with the nonjudicial foreclosure. The court concluded that 1) the proper persons were served; 2) AAG was the holder of the debt; 3) the "[p]ayments [on the debt were] in default under the Note and Deed of Trust"; 4) the debt, as a reverse mortgage, did not qualify as a "home loan"; 5) the respondents (Jones's heirs) were "not in a period of protected military status"; and 6) the Deed of Trust contained a power-of-sale provision.

However, the court also concluded that the loan counseling that Jones received prior to the loan closing failed to "satisfy the requirements of N.C. Gen. Stat. §[§] 53-269 and 270 because the notes input by the counselor to the electronic HUD system indicated [that Jones] responded appropriately to 'most' questions, and the lender did not follow up on this note." According to the trial court, "This note required further inquiry on the part of the lender [AAG]. Therefore, the Note is not a valid debt."

AAG timely appealed to this Court.

## **DISCUSSION**

On appeal, AAG argues that "the trial court erred in concluding that [AAG] could not proceed with foreclosure, because [AAG] presented evidence to satisfy all elements of N.C. Gen. Stat. § 45-21.16[,]" including the validity of the debt. We agree.

"When the trial court sits without a jury, the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *In re Bradburn*, 199 N.C. App. 549, 551, 681 S.E.2d 828, 830 (2009) (cleaned up), *disc. review denied*, 363 N.C. 803, 690 S.E.2d 531 (2010). We review de novo "[t]he trial court's conclusions of law[.]" *Id.*

Section 45-21.16(d) provides that the clerk of superior court may authorize a nonjudicial power-of-sale foreclosure upon evidence supporting six findings: "(i) a valid debt, (ii) default, (iii) the right to foreclose [under the instrument], (iv) notice, . . . (v) 'home loan' classification . . . , and (vi) that the sale is not barred by the debtor's

military service." *In re Clayton*, 254 N.C. App. 661, 665, 802 S.E.2d 920, 923–24 (2017) (citation omitted), *disc. review and cert. denied*, 370 N.C. 223, 809 S.E.2d 866 (2018). On review from the clerk of court's determination, the superior "court's de novo hearing is limited to making a determination on the same issues as the clerk of court." *Id.* (citation omitted).

As our Supreme Court has explained, legal defenses to any of the findings may be properly advanced and considered at a nonjudicial foreclosure hearing under section 45-21.16; however, equitable defenses may not. *In re Goforth Props., Inc.*, 334 N.C. 369, 374–75, 432 S.E.2d 855, 859 (1993). Instead, equitable defenses must be raised in a separate action to enjoin the foreclosure sale. *Id.*

In the instant case, it is undisputed that, as the superior court concluded, AAG satisfied each of the six requirements, except for the existence of a valid debt. The parties contest the validity of the debt.

Generally, "introduction of a promissory note along with evidence of execution and delivery . . . , in the absence of probative evidence to the contrary, will support the finding of a valid debt in a proceeding to foreclose under a power of sale." *In re Cooke*, 37 N.C. App. 575, 579, 246 S.E.2d 801, 804 (1978). Here, although AAG possessed the Note, endorsed in blank, the court found that "the notes input by the [loan] counselor to the electronic HUD system indicated [that Jones] responded appropriately to 'most' questions, and [AAG] did not follow up on this note." Thus, the trial court concluded that the debt was not a "valid debt" subject to foreclosure under

Chapter 45 because the loan counseling "did not satisfy the requirements of N.C. Gen. Stat. §[§] 53-269 and 270." During the foreclosure hearing, the court expressed its concern regarding Jones's mental capacity, stating, "I believe [Jones] signed it. . . . [T]he sole issue in my mind has to do with the fact that the counseling session . . . raised a question which should have halted the [loan] process; and it goes to the . . . capacity of [Jones]."

This issue is similarly raised on appeal by Respondents, who maintain that "[t]here is substantial evidence that Mr. Jones, who was 83 years old at the time, lacked the mental capacity to understand what he was doing when he spoke with the credit counselor, or later, when he signed the mortgage documents." Thus, they agree with the trial court that the reverse mortgage agreement violated the counseling provisions of the Reverse Mortgage Act and is unenforceable. Because it is unenforceable, Respondents contend that there is no valid debt and AAG may not foreclose on the Property.

Our General Assembly enacted the Reverse Mortgage Act to protect older homeowners from abusive practices associated with reverse mortgages. *See* N.C. Gen. Stat. §§ 53-255–56. As relevant to the case at bar, section 53-270 of the Reverse Mortgage Act provides that "[r]everse mortgage lenders are prohibited from . . . [c]losing a reverse mortgage loan without receiving certification from a person who is certified as a reverse mortgage counselor by the State that the borrower has received counseling on the advisability of a reverse mortgage loan[.]" *Id.* § 53-270(6). It further

requires that the borrower receive counseling regarding "the various types of reverse mortgage loans and the availability of other financial options and resources for the borrower as well as potential tax consequences." *Id.* Relatedly, section 53-269 provides that "[t]he North Carolina Housing Finance Agency shall adopt rules governing the training of counselors and necessary standards for counselor training" and shall "maintain a list of counselors who have satisfied training requirements[.]" *Id.* § 53-269(a)–(b).

Here, it is undisputed that Jones received loan counseling, which the court found "took place via telephone and lasted 75 minutes[,]" and that the counselor certified the counseling prior to the loan closing. Thus, AAG complied with the statutory counseling provision.

Hence, the crux of the matter presented is whether a borrower's possible diminished mental capacity, as evinced in a loan counselor's notes, may be properly raised as a defense in a nonjudicial power-of-sale foreclosure. Indeed, "[a] deed executed by an incompetent grantor may be set aside by a suit in equity[.]" *In re Godwin*, 121 N.C. App. 703, 705, 468 S.E.2d 811, 813 (1996). Nonetheless, it is well settled that "the incompetency of a mortgagor is an equitable rather than a legal defense to a foreclosure and may not be raised in a hearing under" N.C. Gen. Stat. § 45-21.16. *Id.*

Accordingly, the trial court erred in concluding that there was no valid debt. "[B]ecause the foreclosure by power[-]of[-]sale statute is designed to provide a less

timely and expensive procedure than foreclosure by action, it does not resolve all matters in controversy between mortgagor and mortgagee." *In re Gray*, 225 N.C. App. 46, 49, 741 S.E.2d 888, 890 (2013) (cleaned up). Thus, "equitable defenses to the foreclosure . . . should be asserted in an action to enjoin the foreclosure sale under" N.C. Gen. Stat. § 45-21.34. *Id.* (citation omitted).

## **CONCLUSION**

For the reasons stated herein, we reverse the trial court's order denying AAG's right to proceed under Chapter 45 with a nonjudicial power-of-sale foreclosure, and remand for further proceedings.

REVERSED AND REMANDED.

Judges TYSON and FLOOD concur.