CATHERINE W. BROWN, ADMX., *v.* W. H. JENNINGS, TRUSTEE.

(Filed 10 September 1924.)

**1. Mortgages—Wills—Estates—Remainders — Equity — Deeds and Conveyances—Registration—Injunction.**

A wife joined in a mortgage of her husband on two tracts of his land, and thereafter conveyed to a purchaser in fee simple with the usual warranty of title, tract No. 2, both duly registered, and subsequently died devising tract No. 2, to his wife for life and a portion thereof to his nephew, and the other portion to his son, the will having been probated after the deed to the purchaser of tract No. 2 had been duly registered, and thereafter the mortgagee proceeded to foreclose under the power of sale in his mortgage. In proceedings by the administratrix to enjoin the sale: *Held,* the equity of the mortgagee in tract No. 2 was superior to that of the life estate of the widow and of the remaindermen, with the right of the latter three to redeem the land by paying the mortgage debt.

**2. Same—Exoneration.**

*Held*, under the facts in this case, the equities of the widow and remaindermen under the will were equal, neither being entitled to exoneration against the others.

**3. Same—Deeds and Conveyances—Purchasers.**

Where lands devised by the husband to his widow for life with remainder over have been mortgaged with the joinder of the wife during his lifetime, and also conveyed thereafter to a purchaser in fee simple by deed duly recorded before the probate of his will has been made: *Held*, the purchaser had a superior equity to that of the life tenant and remaindermen under the will.

**4. Same—Parties—Judgments.**

In a suit to enjoin the foreclosure of a mortgage made by the deceased during his life brought by his administratrix after his death involving certain equities of his widow as a life tenant and the remaindermen claiming under his will: *Held*, it was necessary to make those claiming under the will parties to the action in order to bind them by the decree of the court.

**5. Mortgages—Deeds in Trust—Power of Sale.**

The power of sale contained in a mortgage is the contract of the parties, and must be strictly followed by the mortgagee to be a valid execution of the power.

**6. Dower—Mortgages.**

Where the widow in the lifetime of her husband has joined in his mortgage of his land she is barred of her right to dower therein.

**7. Mortgages—Sales—Equities—Estates—Contingent Interests — Investment—Payment Into Court.**

Where the owner of lands has mortgaged the same during his life as tracts numbered 1 and 2, and has later conveyed tract No. 2 to a purchaser in fee simple, and has devised tract No. 1 for life with remainder over: *Held*, the mortgagee should hold the proceeds of the sale after the satisfaction of his mortgage for the life tenant and remaindermen, who may determine whether the surplus be invested in accordance with their equities, or the interest of the life tenant be paid in cash under the provisions of the statute, C. S., 1791, or the mortgagee may relieve himself of liability by paying the fund into court. C. S., 2592.

APPEAL from judgment and decree rendered by *Devin, J.*, at January Term, 1924, of PASQUOTANK.

On 3 January, 1918, James E. Brown, owner in fee of two certain tracts of land in Pasquotank County, with his wife, Mary E. Brown, conveyed the same, describing them as tract No. 1 and tract No. 2, by a deed of trust to the defendant, W. H. Jennings, for the purpose of securing the payment of a note recited therein, executed by James E. Brown and due one year after date. This deed of trust was duly recorded in Pasquotank County.

Thereafter, the said Brown and wife, for a valuable consideration recited therein, by a deed duly recorded and containing the usual warranties conveyed the land described as tract No. 2 in the deed of trust to Ransom Price in fee simple.

Thereafter, the said James E. Brown died, having first made and published his last will and testament which was duly probated and recorded on 11 December, 1919, in the office of the clerk of the Superior Court of Pasquotank County. By this will, the said James E. Brown devised tract No. 1, described in the deed of trust to his wife, Mary E. Brown, for her life and at her death he devised a portion of the said tract to his nephew, Cleon W. Brown, and the remaining portion to his son, Jesse Brown, to each in fee simple.

Mary E. Brown, the wife, Cleon W. Brown, the nephew, and Jesse Brown, the son, all survived James E. Brown. Cleon W. Brown thereafter died intestate and the plaintiff has been duly appointed and has duly qualified as his administratrix.

Default having been made in the payment of the note secured in the deed of trust, defendant, W. H. Jennings, trustee, claiming to act under the power of sale contained in the deed of trust, advertised for sale on 25 February, 1922, "only the remainder interest of Cleon W. Brown and Jesse Brown" in and to tract No. 1 as described in the deed of trust and was proceeding to sell "only the said remainder interests" for the payment of the said note. The power of sale in said deed of trust, under which the defendant advertised, provides that if default shall be made in the payment of the said note, "it shall be lawful for and the duty of the said W. H. Jennings, trustee, to sell the lands aforesaid at the courthouse door in the county aforesaid after due advertisement according to law, to the highest bidder for cash and make title to the purchaser in fee and out of the proceeds after paying off and discharging the said note and retaining 5 per cent commissions for his services, pay the balance, if any, to the said James E. Brown."

Cleon W. Brown, at the date of his death, owed a large number of debts and his personal assets being insufficient to pay the same, it will be necessary to sell his real estate, including his interest in tract No. 1 devised to him by James E. Brown, to make assets for the payment of said debts.

The plaintiff alleges that the action of the defendant trustee in so offering for sale the interest of her intestate, Cleon W. Brown, is "wrongful and unlawful and not in accordance with the terms of the trust and the rights of the parties and that if defendant is permitted to sell the same as he threatens to do the plaintiff and the creditors

of the estate of Cleon W. Brown will be irreparably damaged." She further alleges that tract No. 2 and the life estate of Mary E. Brown in tract No. 1 should be first sold by the trustee in exoneration of the remainder interest devised to her intestate, Cleon W. Brown.

Defendant in his answer admits the material allegations of the complaint but alleges that the debt evidenced by the note of James E. Brown and secured in the deed of trust was the debt of Cleon W. Brown and not of James E. Brown and that therefore the interest of Cleon W. Brown in the land devised to him by James E. Brown and covered by the deed of trust should be first sold to pay off and discharge said note.

Upon motion of plaintiff an order was made, while the action was pending, restraining the defendant from proceeding further with the sale as advertised until the final hearing.

At the trial, by consent, the only issue submitted to the jury was, "Were the note and deed of trust described in the complaint executed by James E. Brown and wife for the benefit of Cleon W. Brown as alleged in the answer?" To this issue the jury responded, "No."

Thereupon the court "ordered, decreed and adjudged that the defendant be and he is hereby restrained and enjoined permanently from selling under said deed of trust as advertised and that the defendant as trustee be restrained and enjoined permanently from selling the interest of plaintiff's intestate until after the sale of the interest of Mary E. Brown in the property described in the pleadings in this cause and until after the sale of the property described in said trust other than that in which an interest was devised to plaintiff's intestate and that the interest of plaintiff's intestate be sold and offered for sale only after the sale of the other property and interest conveyed by said deed of trust and only in the event that through such sale a sufficient amount is not realized to pay the debt secured in said deed of trust and that only in the event the sale of the interest of Mary E. Brown and the sale of the other lands described in said trust deed shall fail to bring sufficient amount to pay the said debt and expenses of foreclosure shall defendant trustee be permitted to offer for sale the interest of plaintiff's intestate."

The defendant moved for a judgment dissolving the injunction and dismissing the action and upon motion being denied excepted and assigned as error the refusal of the court to dissolve the injunction or restraining order and to dismiss the action.

The court then having overruled defendant's objection to the judgment tendered by plaintiff and having signed the same as set out in the record, defendant excepted and assigned this action of the court as error.

These are the only exceptions and assignments of error appearing in the case on appeal.

*Ehringhaus & Hall and W. L. Small for plaintiff, appellant.*
*Aydlett & Simpson for defendant, appellee.*

CONNOR, J. The jury has found, as appears by the answer to the only issue tendered and submitted at the trial, that the debt evidenced by the note of James E. Brown secured by the deed of trust executed by Brown and wife was not the debt of Cleon W. Brown, plaintiff's intestate; thus the only allegation upon which the defendant relies to support his contention that Mary E. Brown, the widow, to whom a life estate is devised, has an equity superior to that of the remaindermen, with respect to the foreclosure of the deed of trust by the exercise of the power of sale contained therein, is not sustained.

At the date of the deed of trust James E. Brown, the debtor, was the owner in fee simple of the land conveyed therein. At his death, by virtue of his will, Mary E. Brown, his widow, became the owner of a life estate and Cleon W. Brown, his nephew, and Jesse Brown, his son, became the owners of the remainder in tract No. 1 described in the deed. This land came to them subject to the deed of trust and neither the widow nor the remaindermen have any superior equity in the said land. Either had the right to redeem the land from the deed of trust by paying the note secured therein and their equities being equal, each was entitled to exoneration from the other in proportion to the value of the respective interests devised to them in the will. This being true, the sale of the interests of the remaindermen in the land, subject to the deed of trust, by the trustee in exoneration of the interest of the life tenant was properly enjoined by the court and there was no error in overruling defendant's motion to dissolve the restraining order and to dismiss the action.

However, inasmuch as upon the facts appearing in the record the equities of the life tenant and the remaindermen are equal, neither is entitled to exoneration of his or her interest in the land by the sale of the interest of the other, in the land which is subject to the deed of trust. There was error in ordering and decreeing that the trustee be restrained from selling the interest of the remaindermen until after the sale of the life estate and therefore the decree should be modified by striking out so much thereof as thus restrains the trustee.

Tract No. 2 described in the deed of trust was conveyed by the grantors, James E. Brown and wife, to Ransom Price in fee simple, with the usual warranties, and the deed of trust, having been duly recorded prior to their deed to Price, Price took the same subject to the pro-

visions of the said deed of trust. However, having paid value for the land thus conveyed to him, Price has an equity to have the land devised in the will to Mary E. Brown for life and then to Cleon W. Brown and Jesse Brown sold before the sale of tract No. 2 by the trustee. His equity arises from the fact that he paid value for the same, and from the further fact that his deed was made and recorded before the probate of the will under which Mary E. Brown, Cleon W. Brown and Jesse Brown take title. Therefore, it was error to restrain the sale of the interest of the remaindermen "until after the sale of the property described in said trust other than that in which an interest was devised to plaintiff's intestate." The decree should be modified by striking out so much of the same as thus restrains the trustee.

This cause is remanded to the Superior Court of Pasquotank County in order that the decree may be modified in accordance with this opinion. Only the plaintiff, administratrix of Cleon W. Brown, one of the remaindermen, and the defendant, the trustee in the deed of trust, are parties to this action. If either party desires to do so he should have leave to make Mary E. Brown, the widow, Jesse Brown, the son, and other remainderman, and Ransom Price, the grantee of tract No. 2, parties to this action. No order, judgment or decree in this action can be binding upon them or either of them until they are thus made parties. If they are made parties, then, the Superior Court of Pasquotank County, upon motion of either party, can determine whether the deed of trust should be foreclosed by a decree and sale under the orders of the Court or whether the foreclosure should be made by the trustee under the power of sale.

The power of sale contained in the deed of trust provides that if default shall be made in the payment of the said note when due it shall be lawful for the said W. H. Jennings, trustee, to sell said lands and make title to the purchaser in fee and after paying the note and interest and deducting commissions for his services out of the proceeds to pay the balance to the said James E. Brown.

The law as stated in Cyc., Vol. 27, 1465, has been often approved by this Court. "A power of sale contained in a mortgage or deed of trust must be strictly pursued and all its terms and conditions complied with in order to render the sale valid." *Ferrebee v. Sawyer,* 167 N. C., 199; *Eubanks v. Becton,* 158 N. C., 230.

In the last-cited case *Justice Allen* says: "Powers of sale in a mortgage are contractual and as there are many opportunities for oppression in their enforcement, courts of equity are disposed to scrutinize them and to hold the mortgagee to the letter of the contract. If a different view should prevail and we could dispense with some stipula-

tions in the power because we could not see that injury had ensued from failure to observe it we could practically destroy the contract of the parties."

The same rule is stated very clearly and forcibly in 19 R. C. L., 592, at the beginning of sec. 707, as follows:

"While a power of sale contained in a mortgage or trust deed is valid and a sale thereunder may confer a good title on the purchaser the powers of the person foreclosing thereunder are limited and defined by the instrument under which he acts and he has only such authority as is thus expressly conferred upon him, together with the incidental and implied powers that are necessarily included thereunder."

Therefore, unless facts are clearly established from which some equity arises in favor of one who owns land or some interest therein subject to a mortgage or deed of trust, the trustee must advertise and sell in strict conformity with the terms of the power conferred upon him by the mortgagor or trustor and relied upon by the creditor for the security of his debt. The duty of the mortgagee or trustee is primarily to the creditor and secondarily to the mortgagor or those who claim under him. Where the interests of the creditor will not suffer and equities arise upon the facts admitted or established in favor of those who claim under the mortgagor or trustor, which are not equal, the mortgagee or trustee has the right in the exercise of good faith and a sound discretion to sell the land conveyed to him so as to preserve a superior equity if consistent with the rights of the creditor. In this case the widow joined with her husband, the owner of the land, in the execution of the deed of trust, and is thereby barred of her right to claim dower in the land conveyed by the deed of trust. The husband, by item 2 of the will, "gave and devised to his wife for and during the term of her natural life all of his real estate of every kind, class and description wheresoever situated." No right to dower is involved in this case, and therefore the procedure directed to be pursued in the case of *Overton v. Hinton*, 123 N. C., 1, does not apply.

The owner of the life estate and the remaindermen, by virtue of the will, stand in the place of James E. Brown, the grantor and debtor, who is now dead, neither having any equity superior to the other.

Upon the facts in this record the trustee, if called upon to foreclose by the exercise of the power of sale should advertise and sell the lands as described in the deed of trust, first selling tract No. 1, and if a sum sufficient to pay off and discharge the note, interest and commissions is realized from the sale of the same, then tract No. 2, having been conveyed by the grantor for value and prior to the vesting of any title or estate in tract No. 1 in Mary E. Brown, Jesse Brown or Cleon W. Brown should be exonerated; it should be sold only in the event

11—188

that the sum realized from the sale of tract No. 1 is not sufficient to pay the note, interest and costs.

The surplus, if any, from the sale of tract No. 1, payable under the terms of the power of sale to James E. Brown, who is now dead, should be held by the trustee for the life tenant and remaindermen who now represent James E. Brown, deceased, in accordance with their respective interests in the land devised to them and subject to the deed of trust. They may determine whether or not they desire that said surplus be invested so that the life tenant may have and enjoy the income therefrom during her life and the remaindermen have the same at her death, or whether or not they prefer to have the interest of the life tenant ascertained and paid to her in cash as provided by C. S., 1791, and the balance paid over at once to the remaindermen. If the life tenant and the remaindermen fail to agree as to the disposition of such surplus, the trustee may pay the same into the office of the clerk of the Superior Court of Pasquotank County in accordance with the provisions of C. S., 2592, and thus be relieved of any further liability therefor.

The costs incurred upon appeal to this Court will be paid one-half by appellant and the remaining one-half by the appellee.

Modified and affirmed.