IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF A. C. BURGESS, JR., SINGLE TO L.B. HOLLOWELL, JR., TRUSTEE FOR GASTONIA MUTUAL SAVINGS AND LOAN ASSOCIATION RECORDED IN THE GASTON COUNTY PUBLIC REGISTRY IN DEED OF TRUST BOOK 1467 AT PAGE 287

No. 7927SC1201

(Filed 15 July 1980)

**Mortgages and Deeds of Trust § 25– foreclosure by exercise of power of sale in deed of trust – amount owed in dispute**
    G.S. 45-21.16(d)(i) permits the clerk to find a "valid debt of which the party seeking to foreclose is a holder" if there is competent evidence that the party seeking to foreclose is the holder of some valid debt, irrespective of the exact amount owed, and G.S. 45-21.16(d)(iii) permits the clerk to find a "right to foreclose under the instrument" if there is competent evidence that the terms of the deed of trust permit the exercise of the power of sale under the circumstances of the particular case.

APPEAL by respondents Horace M. Dubose III, Trustee, and Robert J. Bernhardt, Trustee, from *Thornburg, Judge.* Order entered 27 November 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 18 March 1980.

This is an appeal by respondents, purchasers of certain property at a sheriff's execution sale, from an order of the superior court entered after hearings held pursuant to G.S. 45-21.16 authorizing foreclosure of a deed of trust on that property.

On 30 May 1978, A.C. Burgess, Jr., owner of five lots in the Longwood Subdivision in Gaston County, North Carolina, executed a deed of trust conveying said lots to L.B. Hollowell, Jr., as trustee for Gastonia Mutual Savings and Loan Association. The deed of trust was given to secure a note in the amount of $56,000.00 and to secure future obligations and future advances in accordance with the terms of a construction loan agreement executed by the parties. The note was payable in monthly installments of principal and interest in the amount of $450.59, with payments to begin 1 May 1979.

Prior to 1 May 1979, certain judgment creditors of A.C. Burgess Jr., through their trustees, Horace M. DuBose, III and Robert J. Bernhardt, sought execution upon the five lots subject to the deed of trust. Those trustees were permitted to bid the value of the judgments at a sheriff's sale, and as the successful bidders they received a sheriff's deed for the property on 13 February 1979. The validity of that deed was subsequently challenged in an independent action brought by holders of mechanics' liens junior to the judgment liens, Case No. 79CVS1113, and the deed was set aside by order of superior court dated 12 October 1979. DuBose and Bernhardt timely appealed from that order.

On 12 October 1979, L.B. Hollowell, Jr., Trustee for Gastonia Mutual Savings and Loan Association, served notice of hearing on Horace M. DuBose, III, and Robert J. Bernhardt, as trustees, personally, and on A.C. Burgess, Jr., by publication, that Hollowell, as trustee under the deed of trust dated 30 May 1978 would appear before the clerk of superior court in Gaston Coun-

ty on 7 November 1979 to petition for authority to commence foreclosure proceedings pursuant to the power of sale contained in that deed of trust. Respondents DuBose and Bernhardt responded with a motion that the proceeding be stayed pending a disposition by this Court of the title dispute in Case No. 79CVS1113.

Following the hearing on 7 November 1979 at which Gastonia Mutual Savings and Loan Assocation, Horace M. DuBose, III and Robert J. Bernhardt appeared, the clerk of superior court entered an order finding that L.B. Hollowell, Jr., Trustee, was authorized to commence foreclosure proceedings in accordance with the terms of the deed of trust.

On appeal by respondents for hearing de novo before the judge of superior court in Gaston County, the parties stipulated to the following facts: Gastonia is the owner and holder of the note and deed of trust in controversy. Pursuant to the terms of the note and the deed of trust, Gastonia had advanced $36,884.00 as a construction loan between 28 June 1978 and 15 September 1978. In addition, Gastonia made advancements of $3,290.00 which were charged to that loan, with interest calculated and charged from the date of advancement. Payments had been made to Gastonia as follows:

| Date | Amount | Purpose |
|------|--------|---------|
| 7/20/78 | $   4.54 | Interest |
| 8/4/78 | 83.92 | Interest |
| 5/22/79 | 450.59 | Principal and Interest |
| 5/22/79 | 207.00 | Insurance |
| 6/12/79 | 450.59 | Principal and Interest |
| Total | $1,196.64 | |

No installments of principal and interest were paid after 12 June 1979. The parties stipulated that Gastonia contended that the balance due on the note and deed of trust as of 8 November 1979 was $43,495.02 plus interest to date and that respondents contended that the balance on that date was not in excess of $37,794.76 plus interest to date.

At the hearing before Judge Thornburg on 27 November 1979, petitioner offered evidence that the balance due on the

note as of that date was $43,238.09, taking into account a reimbursement to Gastonia for insurance payments which had not been included in the earlier computations. Respondents attempted to introduce evidence concerning the dispute over the balance due on the note and the deed of trust and over title; however, the trial court excluded the evidence on the grounds of relevancy. On 27 November 1979, Judge Thornburg entered an order finding that a deed of trust had been executed by A.C. Burgess, Jr. securing payment of a note, that default in the payment of principal, interest and insurance had occurred, that the deed of trust empowered the trustee named therein to sell the property in the event of default, that notice had been served upon all those entitled to such, and that the blance due and owing on the note and deed of trust as of 28 November 1979 was $43,238.09. Based on these findings, the court ordered that L.B. Hollowell, Jr., Trustee, be authorized to proceed with foreclosure in accordance with the terms of the deed of trust. From that order respondents appealed.

*James C. Windham, Jr. for petitioner appellee.*

*Horace M. DuBose III and Robert J. Bernhardt for respondent appellants.*

PARKER, Judge.

At issue in the present case is the scope of the procedures under G.S. 45-21.16 for hearing prior to the exercise of a power of sale under a deed of trust. G.S. 45-21.16(d), after providing for a hearing before the clerk of court in the county where the land is located, provides:

> If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such under subsection (b), then the clerk shall further find that the mortgagee or trustee can proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article.

On appeal from a determination by the clerk that the trustee is authorized to proceed, the judge of the district or superior court having jurisdiction is limited to determining the same four issues resolved by the clerk. *In re Watts,* 38 N.C. App. 90, 247 S.E. 2d 427 (1978). Respondents concede that the hearing is so limited, but contend that evidence that the amount due on the note was in dispute and that the mortgagee had been invited, but refused, to intervene in the litigation over the title to the subject property was relevant to a determination under G.S. 45-21.16(d)(iii) of a "right to foreclose under the instrument." Because the court failed to make findings of fact relating to the title litigation or the balance dispute, respondents argue that the requirements of G.S. 45-21.16(d) have not been met and that they have been denied due process of law. We disagree.

Historically, foreclosure under a power of sale has been a private contractual remedy. *Brown v. Jennings,* 188 N.C. 155, 124 S.E. 150 (1924); *Eubanks v. Becton,* 158 N.C. 230, 73 S.E. 1009 (1912). The intent of the 1975 General Assembly in enacting the notice and hearing provisions of G.S. 45-21.16 was not to alter the essentially contractual nature of the remedy, but rather to satisfy the minimum due process requirements of notice to interested parties and hearing prior to foreclosure and sale which the district court in *Turner v. Blackburn,* 389 F. Supp. 1250 (W.D.N.C. 1975), held that our then existing statutory procedure lacked. *In re Foreclosure of Sutton Investments,* 46 N.C. App. 654, 266 S.E. 2d 686 (1980). In light of this background, we construe G.S. 45-21.16 (d)(i) to permit the clerk to find a "valid debt of which the party seeking to foreclose is the holder" if there is competent evidence that the party seeking to foreclose is the holder of some valid debt, irrespective of the exact amount owed. Similarly, we construe G.S. 45-21.16(d)(iii) to permit the clerk to find a "right to foreclose under the instrument" if there is competent evidence that the terms of the deed of trust permit the exercise of the power of sale under the circumstances of the particular case. Thus, the fact that respondents in the present case dispute the balance owed on the note and deed of trust is irrelevant to the required findings under G.S. 45-21.16(d).

The parties' stipulations that Gastonia is the owner and holder of a duly executed note and deed of trust and that there

was some amount outstanding on that debt amply supports the court's finding under G.S. 45-21.16(d)(i). It is true that the trial judge in the present case went beyond the required finding of a valid debt to conclude that the balance due and owing as of 28 November 1979 was $43,238.09. Because we hold that the determination of the amount owed on a debt is beyond the scope of the hearing under G.S. 45-21.16, that finding is mere surplusage and should be stricken. Similarly, in light of the express language in the deed of trust authorizing the trustee, upon application of the morgagee, to sell the encumbered property in the event of default, the court's finding of a "right to foreclose under the instrument" is also fully supported.

Contrary to respondents' contentions, a limited reading of G.S. 45-21.16(d) such as we adopt here neither deprives them of due process of law nor leaves them without remedy to their prejudice. Having received the notice and hearing intended by the statute, respondents are now able to utilize the procedure of G.S. 45-21.34 to enjoin the mortgage sale "upon [any] legal or equitable ground which the court may deem sufficient". If and when respondents choose to apply for injunctive relief, the dispute over the balance due on the note and deed of trust and the manner in which the balance was computed will certainly be relevant to the issue of respondents' right to relief. As to the title dispute, we note that the 12 October 1979 order of superior court declaring the sheriff's deed to DuBose and Bernhardt null and void was reversed by this Court in *Questor Corp. v. DuBose*, 46 N.C. App. 612, 265 S.E. 2d 501 (1980) and the cause was remanded with direction to dismiss the action challenging the validity of that deed.

Respondents have also challenged the setting of bond to cover appeal in the amount of $43,238.09 as excessive. Assuming arguendo that the bond was excessive, respondents have failed to show prejudice. The bond was in fact posted, and the appeal has been heard. As yet no motion has been made or other proceeding instituted to recover on the bond. Only when this is done should the rights and obligations of the several parties to the bond be determined.

The order appealed from authorizing the trustee to proceed with foreclosure under the terms of the power of sale contained in the deed of trust is modified by striking therefrom Finding of Fact No. 5 that "the balance due and owing on said note and deed of trust as of November 28, 1979 is Forty-three thousand two hundred thirty-eight and 09/100 ($43,238.09) Dollars," and as so modified, the order is affirmed.

Modified in part,

Affirmed in part.

Judges MARTIN (Harry C.) and HILL concur.