ELMORE, Judge.
 

 Ms. Jackie B. Clayton (respondent), a widowed spouse of a homeowner who entered into a reverse-mortgage agreement with Wells Fargo (petitioner), appeals an order authorizing Wells Fargo to foreclose under a power-of-sale provision contained within the deed of trust on the property that secured her late husband's promissory note. The deed of trust and the note contained provisions empowering Wells Fargo to accelerate the maturity of the note's debt upon a borrower's death, provided the property did not remain the principal residence of a "surviving borrower," and to exercise its contractual foreclosure right in the event of default in payment. Although respondent was not listed as a borrower to the promissory note her husband executed, she and her husband both signed the deed of trust securing the note as a "borrower."
 

 After respondent's husband's death, Wells Fargo accelerated the maturity of the note, and then sought to foreclose on the property due to default in payment by initiating the instant nonjudicial foreclosure proceeding. The clerk of superior court dismissed the case on the basis that Wells Fargo had no right to foreclose because respondent signed as a borrower to the deed of trust, and the property remained her principal residence. Wells Fargo appealed to the superior court, which concluded that respondent's husband "was the only borrower for this loan per the terms of the Note and Deed of Trust" and thus entered an order authorizing foreclosure. Respondent appealed this order.
 

 On appeal, respondent argues the superior court erred by authorizing foreclosure because (1) Wells Fargo never formally proffered any evidence at the hearing from which its order arose, thereby rendering the order void for want of competent evidence; and (2) Wells Fargo had no right under the deed of trust to accelerate the maturity of the note, and thus no right to foreclose due to any resulting default, since respondent signed the deed of trust as a borrower, and the property remained her principal residence.
 

 Because evidentiary rules are relaxed in nonjudicial power-of-sale foreclosure proceedings, we hold Wells Fargo's binder of relevant documents it supplied during the hearing, in conjunction with the parties' stipulations, provided sufficient competent evidence to support the superior court's foreclosure order. Additionally, although respondent signed the deed of trust as a borrower, a proper interpretation of its terms and her husband's simultaneously executed note and loan agreement, in conjunction with respondent's statutory ineligibility to qualify as a reverse-mortgage borrower, excludes respondent as a "surviving borrower" as contemplated
 
 *923
 
 by the deed of trust's acceleration provision. We thus hold the superior court properly authorized the foreclosure sale of the property and affirm its order.
 

 I. Background
 

 On 13 June 2008, respondent's husband, Melvin Clayton, executed a home equity conversion note (Note), commonly known as a reverse mortgage, with Wells Fargo in the principal amount of $110,000.00, and up to a maximum amount of $165,000.00. That same day, to secure Melvin's obligation to Wells Fargo under the Note, Melvin and respondent executed an adjustable rate home equity conversion deed of trust (Deed of Trust), which was recorded with the Henderson County Register of Deeds on 18 June 2008. The Note and Deed of Trust contained acceleration provisions empowering Wells Fargo to demand immediate payment of the debt under the Note when "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." Although respondent was not old enough to qualify as a reverse-mortgage borrower and was thus not a party to the Note, respondent signed the Deed of Trust as a borrower. After Mr. Clayton's death on 6 December 2013, Wells Fargo accelerated the maturity of the debt, and respondent continued to live on the property.
 

 On 30 April 2014, Trustee Services of Carolina, LLC, acting as substitute trustee under the Deed of Trust, initiated this nonjudicial foreclosure proceeding pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 (d) based on the power-of-sale provision in the Deed of Trust due to failure to make payments under the Note. After a 9 June 2015 hearing before the Clerk of Henderson County Superior Court, the clerk dismissed the power-of-sale foreclosure proceeding, concluding that Wells Fargo failed to prove it had a right to foreclose under the terms of the Deed of Trust because respondent signed the instrument as a borrower and the property remained her principle residence, thereby prohibiting Wells Fargo from accelerating the maturity of the Note. Wells Fargo appealed to superior court. After a 13 July 2015 hearing, the superior court entered an order on 17 March 2016 authorizing the foreclosure sale. The superior court concluded that Melvin was the sole borrower under the Note and the Deed of Trust, thereby permitting Wells Fargo to accelerate the debt, and that the power-of-sale provision of the Deed of Trust gave Wells Fargo the right to foreclose on the property upon default of payment on the Note. Respondent appeals.
 

 II. Analysis
 

 On appeal, respondent contends the superior court erred by authorizing the nonjudicial foreclosure under power of sale because (1) Wells Fargo never presented evidence at the
 
 de novo
 
 hearing before the superior court, thereby rendering the order void for want of competent evidence; and (2) Wells Fargo had no right to foreclose under the Deed of Trust because its terms prohibited the acceleration of the maturity of the Note so long as the property remained respondent's principal residence. We disagree.
 

 A. Standard of Review
 

 When an appellate court reviews the decision of a trial court sitting without a jury, findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal.
 

 In re Bass
 
 ,
 
 366 N.C. 464
 
 , 467,
 
 738 S.E.2d 173
 
 , 175 (2013) (citations and quotation marks omitted).
 

 B. Sufficiency of Evidence
 

 As an initial matter, we reject respondent's contention that the superior court's order should be reversed because Wells Fargo never formally proffered the Deed of Trust and the Note or any other relevant documents into evidence at the hearing.
 

 N.C. Gen. Stat. § 45-21.16
 
 (d) (2015) requires that before a clerk of superior court may authorize a nonjudicial power-of-sale foreclosure, the creditor must establish the following six findings:
 

 (i) a valid debt, (ii) default, (iii) the right to foreclose, (iv) notice, and (v) "home loan" classification and applicable pre-foreclosure
 
 *924
 
 notice, and (vi) that the sale is not barred by the debtor's military service.
 

 In re Lucks
 
 , 369 N.C. ----, ----,
 
 794 S.E.2d 501
 
 , 505 (2016) (interpreting
 
 N.C. Gen. Stat. § 45-21.16
 
 (d) ). "If the clerk's order is appealed to superior court, that court's
 
 de novo
 
 hearing is limited to making a determination on the same issues as the clerk of court."
 
 In re David A. Simpson, P.C.
 
 ,
 
 211 N.C.App. 483
 
 , 487,
 
 711 S.E.2d 165
 
 , 169 (2011).
 

 Because "[n]on-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding,"
 
 In re Lucks
 
 , 369 N.C. at ----,
 
 794 S.E.2d at
 
 504 (citing
 
 In re Foreclosure of Michael Weinman Assocs. Gen. P'ship
 
 ,
 
 333 N.C. 221
 
 , 227,
 
 424 S.E.2d 385
 
 , 388 (1993) ), "the evidentiary requirements under non-judicial foreclosure proceedings are relaxed,"
 

 id.
 

 at ----,
 
 794 S.E.2d at 507
 
 . Significantly here, "[t]he evidentiary rules are the same when the trial court conducts a de novo hearing on an appeal from the clerk's decision."
 

 Id.
 

 at ----,
 
 794 S.E.2d at 505
 
 . In the context of a superior court's
 
 de novo
 
 hearing on nonjudicial foreclosure under power of sale, " '[t]he competency, admissibility, and sufficiency of the evidence is a matter for the [trial] court to determine.' "
 

 Id.
 

 at ----,
 
 794 S.E.2d at 506
 
 (quoting
 
 Queen City Coach Co. v. Lee
 
 ,
 
 218 N.C. 320
 
 , 323,
 
 11 S.E.2d 341
 
 , 343 (1940) ).
 

 Here, the transcript of the superior court hearing reveals that Wells Fargo gave the judge a binder of the documents it provided to the clerk at the prior hearing, which contained,
 
 inter alia
 
 , the Note and Deed of Trust, and the parties referred to these documents throughout the proceeding. Because the evidentiary rules are relaxed in power-of-sale foreclosure proceedings, the superior court was permitted to accept this binder of documents as competent evidence to consider whether Wells Fargo satisfied its burden of proving the six statutorily required findings, despite Wells Fargo never formally introducing or admitting these documents into evidence.
 

 Additionally, the transcript reveals that the parties stipulated to the existence of five of the six statutorily required findings: a debt that Wells Fargo held, a default, and notice,
 
 see
 

 N.C. Gen. Stat. § 45-21.16
 
 (d)(i)-(iii), and that two of the three remaining subsections were inapplicable because this was a reverse mortgage and neither party served in the military,
 
 see
 

 id.
 

 § 45-21.16(d)(v)-(vi). "[S]tipulations are judicial admissions and are therefore binding in every sense, ... relieving the other party of the necessity of producing evidence to establish an admitted fact."
 
 Thomas v. Poole
 
 ,
 
 54 N.C.App. 239
 
 , 241,
 
 282 S.E.2d 515
 
 , 517 (1981). The superior court thus had authority to find the existence of those five stipulated criteria based upon the parties' stipulations alone.
 
 See, e.g.
 
 ,
 
 In re Burgess
 
 ,
 
 47 N.C.App. 599
 
 , 603-04,
 
 267 S.E.2d 915
 
 , 918 ("The parties' stipulations that Gastonia is the owner and holder of a duly executed note and deed of trust and that there was some amount outstanding on that debt amply supports the court's finding under G.S. 45-21.16(d)(i)."),
 
 appeal dismissed
 
 ,
 
 301 N.C. 90
 
 (1980). Indeed, as respondent concedes in her brief, "the only issue in contention between the parties [was] whether ... Wells Fargo was entitled to foreclose under the terms of the ... Deed of Trust, as required under
 
 N.C. Gen. Stat. § 45-21.16
 
 (d)(iii)."
 

 Accordingly, based on the binder of relevant documents and the parties' stipulations, the court was supplied evidence from which it could determine whether Wells Fargo proved the existence of the six statutorily required criteria before authorizing the nonjudicial power-of-sale foreclosure. We thus reject respondent's challenge.
 

 C. Right to Foreclose under Deed of Trust
 

 Respondent's main contention is that the superior court erred by authorizing the nonjudicial foreclosure under power of sale because Wells Fargo failed to prove it had a right to foreclose under the Deed of Trust as required by
 
 N.C. Gen. Stat. § 45-21.16
 
 (d)(iii) (requiring proof of a right to foreclose under security instrument). We disagree.
 

 "The right to foreclose exists 'if there is competent evidence that the terms of the deed of trust permit the exercise of the power of sale under the circumstances of the particular case.' "
 

 *925
 

 In re Michael Weinman
 

 Assocs. Gen. P'ship
 
 ,
 
 103 N.C.App. 756
 
 , 759,
 
 407 S.E.2d 288
 
 , 290 (1991) (quoting
 
 In re Burgess
 
 ,
 
 47 N.C.App. at 603
 
 ,
 
 267 S.E.2d at
 
 918 ),
 
 aff'd
 
 ,
 
 333 N.C. 221
 
 ,
 
 424 S.E.2d 385
 
 (1993). Here, the Deed of Trust contained the following power-of-sale foreclosure provision:
 

 Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law.
 

 Paragraph 9 contains the challenged acceleration provision and empowered Wells Fargo to accelerate the maturity of the Note and demand payment in full if "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower."
 

 Based on this acceleration provision, respondent contends that although she was not a borrower to the Note, because she signed the Deed of Trust as a borrower, she is a "surviving [b]orrower." Thus, Wells Fargo was barred from accelerating the debt and, consequently, foreclosing on the property so long as it remained her principal residence. Wells Fargo concedes that both Melvin and respondent signed the Deed of Trust as a borrower but asserts that other language contained within the Deed of Trust, as well as the Note and loan agreement simultaneously executed by Melvin alone, in conjunction with respondent's statutory ineligibility to be a reverse-mortgage borrower, makes clear that respondent, a non-borrower to the reverse mortgage, was not intended to be a "surviving [b]orrower" as contemplated by the acceleration provision. We agree.
 

 Because a power of sale is a contractual arrangement, we interpret power-of-sale provisions of a deed of trust under ordinary rules of contract interpretation.
 
 In re Sutton Investments, Inc.
 
 ,
 
 46 N.C.App. 654
 
 , 659,
 
 266 S.E.2d 686
 
 , 688-89,
 
 disc. review denied
 
 ,
 
 appeal dismissed
 
 ,
 
 301 N.C. 90
 
 (1980). When interpreting contracts, " 'all contemporaneously executed written instruments between the parties, relating to the subject matter of the contract, are to be construed together in determining what was undertaken.' "
 
 In re Hall
 
 ,
 
 210 N.C.App. 409
 
 , 416,
 
 708 S.E.2d 174
 
 , 178-79 (2011) (quoting
 
 Self-Help Ventures Fund v. Custom Finish
 
 ,
 
 199 N.C.App. 743
 
 , 747,
 
 682 S.E.2d 746
 
 , 749 (2009) ). " 'Thus, where a note and a deed of trust are executed simultaneously and each contains references to the other, the documents are to be considered as one instrument and are to be read and construed as such to determine the intent of the parties.' "
 
 Id.
 
 at 416,
 
 708 S.E.2d at 178-79
 
 (quoting
 
 In re Foreclosure of Sutton Investments
 
 ,
 
 46 N.C.App. at 659
 
 ,
 
 266 S.E.2d at
 
 689 ). We review issues of contract interpretation
 
 de novo
 
 .
 
 Price & Price Mech. of N.C., Inc. v. Miken Corp.
 
 ,
 
 191 N.C.App. 177
 
 , 179,
 
 661 S.E.2d 775
 
 , 777 (2008). Here, the Deed of Trust, the Note, and the loan agreement underlying the Note, were given to the superior court for consideration. Because these documents were executed simultaneously and reference each other, we interpret these documents together to determine whether respondent was a "surviving borrower" as contemplated by the acceleration provision of the Deed of Trust.
 

 Under the Note and the loan agreement, Melvin was the only contemplated borrower to the reverse-mortgage agreement, as he alone executed these documents and was obligated under them. The Note defined "borrower" as each person who signed the Note, which only Melvin signed. Under its terms, Melvin, and not respondent, agreed to repay any advances made by Wells Fargo. The Note contained a similar acceleration provision and empowered Wells Fargo to "require immediate payment in full ... if (I) A Borrower dies and the property is not the principal residence of at least one surviving Borrower."
 

 The Note references the loan agreement, which Melvin signed as the sole borrower, and which evidences again that Melvin alone had the right to receive the advanced funds and the obligation to repay those funds. The loan agreement defines the Note as follows: "[T]he promissory note
 
 signed by Borrower
 
 together with this Loan Agreement and given to Lender to evidence
 
 Borrower's
 
 promises to repay ... Loan Advances by Lender." (Emphasis added.) Additionally, the loan agreement defines "Principal Residence" as "the dwelling where the
 
 Borrower
 
 maintains his or her permanent place of abode." (Emphasis
 
 *926
 
 added.) This indicates that the "principal residence" contemplated by the agreement was that of a borrower to the Note, not a non-borrower to the Note. Respondent neither executed, signed, nor was identified as a borrower to the Note or loan agreement.
 

 Turning to the Deed of Trust, although both Melvin and respondent signed this security instrument as a borrower, its other provisions that reference and describe "borrower" indicate that Melvin was the only borrower actually contemplated by the reverse-mortgage agreement. For instance, its first paragraph provides: "Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of the [loan agreement]." It provides further that "[t]his agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument." As the sole obligor under the Note and loan agreement, these provisions make clear that Melvin was the only "surviving borrower" contemplated by the Deed of Trust's acceleration provision. Additionally, that respondent was not old enough to qualify as a reverse-mortgage borrower when Melvin executed the reverse-mortgage agreement with Wells Fargo,
 
 see
 

 N.C. Gen. Stat. § 53-257
 
 (2) (2015) (defining a "borrower" as one "62 years of age or older"), further supports the interpretation that respondent was not intended to be a "surviving borrower" under the acceleration provision.
 

 Accordingly, that Melvin was the only borrower under the Note and loan agreement, that the Deed of Trust's descriptions of "borrower" indicate that term was intended to refer only to the obligor of the reverse-mortgage agreement, and that respondent was statutory ineligible to qualify as a reverse-mortgage borrower, yield the inevitable conclusion that respondent was not intended to be a "surviving borrower" as contemplated by the acceleration provision, despite her having signed the Deed of Trust as a borrower.
 

 Therefore, we hold that the Deed of Trust empowered Wells Fargo to accelerate the maturity of the Note upon Melvin's death and, consequently, to foreclose on the property due to default in payment. We thus hold the superior court properly authorized the nonjudicial foreclosure under a power of sale and affirm its order.
 

 III. Conclusion
 

 Although Wells Fargo never formally introduced evidence at the
 
 de novo
 
 hearing before the superior court, its delivery of the binder it presented to the clerk, which contained all the relevant documents it intended to use to prove its power-of-sale foreclosure right, in conjunction with the parties' stipulations, provided sufficient evidence from which the superior court could properly determine whether Wells Fargo satisfied its burden of proving the six statutorily required criteria before authorizing the nonjudicial foreclosure sale of the property.
 

 Additionally, although respondent signed the Deed of Trust as a borrower, when considering its other provisions describing "borrower" as the obligor of the Note and loan agreement, the terms of the Note and loan agreement that Melvin alone signed as a borrower, and respondent's statutory ineligibility to qualify as a reverse-mortgage borrower, it is readily apparent that Melvin was the only "surviving borrower" contemplated by the Deed of Trust's acceleration provision. Respondent's signature on the Deed of Trust had no bearing on Wells Fargo's contractual right to accelerate the debt upon Melvin's death and to foreclose upon default of payment under the terms of the contract it executed with Melvin. Accordingly, we hold the trial court properly authorized the foreclosure sale and affirm its order.
 

 AFFIRMED.
 

 Judges INMAN and BERGER concur.