IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-211

No. COA20-405

Filed 18 May 2021

Durham County, No. 18 SP 1035

IN THE MATTER OF THE FORECLOSURE OF A LIEN BY Executive Office Park of Durham Association, Inc., Petitioner,

v.

MARTIN E. ROCK a/k/a MARTIN A. ROCK, Respondent.

LIEN DATED: October 23, 2018
LIEN RECORDED: 18 M 1195
IN THE CLERK'S OFFICE, DURHAM COUNTY COURTHOUSE

Appeal by respondent from order entered 4 March 2019 by Judge John M. Dunlow in Durham County Superior Court. Heard in the Court of Appeals 27 April 2021.

> *Jordan Price Wall Gray Jones & Carlton, PLLC, by Matthew Waters and Hope Derby Carmichael, for petitioner-appellee.*

> *Mark Hayes for respondent-appellant.*

TYSON, Judge.

¶ 1    Martin Rock ("Respondent") appeals from an order authorizing a sale of three office condominium units. We vacate and remand.

## I.    Background

¶ 2        Executive Park Developers, LLC developed Executive Office Park.  Executive Park Developers, LLC filed a "Declaration of Unit Ownership" creating a governing entity for the development, Executive Office Park of Durham Association, Inc. ("Petitioner") on or about 9 November 1982, pursuant to N.C. Gen. Stat. § 47A (2019). Petitioner "consist[s] of all the unit owners [in the development] acting as a group in accordance with the Bylaws and this Declaration."

¶ 3        The terms of the Declaration provided Petitioner would be governed by "the provisions of the North Carolina Unit Ownership Act."  *See* N.C. Gen. Stat. § 47A. Petitioner's board of directors was granted  "all of the powers and duties set forth in the [North Carolina] Unit Ownership Act, except as limited by this declaration (sic) and the Bylaws."  The Declaration required unit owners be subject to assessments ordered by the Board of Directors.

¶ 4        If the assessment was not paid after "more than thirty (30) days," "[a]ny sum assessed remaining unpaid . . . shall constitute a lien upon the delinquent unit or units when filed of record with in (sic) the Office of the Clerk of Superior Court of Durham County in the manner provided for by Article 8 of Chapter 44 of the General Statutes of North Carolina as amended."

¶ 5        The Declaration provided "the Bylaws" "shall be in the form attached here to as Exhibit 'E.'"  Attached to the Declaration labeled "Exhibit E" were model bylaws which could be adopted by the Petitioner.  No document titled as "Exhibit E" was

executed.

¶ 6    Respondent owns three units within Executive Office Park. Petitioner alleged Respondent was in default under the Declaration because of non-payment of assessments. Respondent countered the amounts Petitioner asserted were inflated by unreasonable fines, interest, and fees.

¶ 7    Respondent also sought to offset amounts allegedly owed against costs he incurred for Petitioner's alleged failure to repair flood damages to his units. This flood damage caused a mold problem in the units rendering them unusable.

¶ 8    Petitioner alleged Respondent was in arrears for fees and assessments since September 2013 totaling a balance due of $69,751.89 as of 14 December 2017. Respondent made a redemption payment of $80,950.00, which Petitioner received and accepted two weeks later on 28 December 2017. On 19 January 2018, petitioner assessed Respondent $35,890.00 in legal fees. Petitioner's ledger shows $24,706.89 in write-off credits and Respondent owes a balance of $780.00.

¶ 9    On 22 October 2018, Petitioner filed a claim of lien, alleging Respondent owed $8,475.00 plus attorney's fees and costs of $590.50. Petitioner sought a non-judicial foreclosure sale of Respondent's three units. After a hearing, an order was filed by the clerk of court authorizing sale of the three properties on 13 December 2018. An "Order Affirming Order Authorizing Sale" was filed in Superior Court on 4 March 2019. Respondent appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

## III. Issues

Respondent argues the foreclosure order is void. He argues, in the alternative, if the order is not void, he was not in default following Petitioner's acceptance of his redemption payment of more than the balance stated.

## IV. Standard of Review

This Court reviews the trial court's order authorizing an association's non-judicial power of sale foreclosure *de novo*. *See In re Foreclosure of Clayton*, 254 N.C. App. 661, 667, 802 S.E.2d 920, 925 (2017).

## V. Order of Foreclosure

Respondent argues N.C. Gen. Stat. § 47C (2019) applies to "all condominiums created within this State after October 1, 1986", contains the provisions authorizing Petitioner to pursue a non-judicial foreclosure sale, and is inapplicable to Executive Office Park and Respondent. In reviewing Respondent's argument, we are guided by several well-established principles and precedents of statutory construction.

### A. Statutory Construction

Our Supreme Court stated: "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). "The best indicia of that intent are the [text and

plain] language of the statute[.]" *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

¶ 15    The Supreme Court continued: "When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Where a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive 'or', the application of the statute is not limited to cases falling within both clauses, but applies to cases falling within either one of them." *Grassy Creek Neighborhood Alliance, Inc. v. City of Winston-Salem*, 142 N.C. App. 290, 297, 542 S.E.2d 296, 301 (2001) (citations omitted).

¶ 16    "[S]tatutes *in pari materia* must be read in context with each other." *Cedar Creek Enters., Inc. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976) (citation omitted). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (alteration, citations and internal quotation marks omitted).

¶ 17    Our Supreme Court held, "where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall

control[.]" *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (citation omitted).

## B. Power of Sale Foreclosure

¶ 18 Over forty years ago, this Court stated: "Historically, foreclosure under a power of sale has been a private contractual remedy." *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (1980).

¶ 19 The Petitioner's Declaration was signed in 1982 and expressly provides Petitioner would be governed by "the provisions of the North Carolina Unit Ownership Act" enacted in 1963. The North Carolina Condominium Act was not enacted until 1985 and is applicable to "all condominiums created within this State *after October 1, 1986.*" N.C. Gen. Stat. § 47C-1-102(a) (2019) (emphasis supplied).

¶ 20 The Unit Ownership Act does not include provisions or the power for a non-judicial power of sale. N.C. Gen. Stat. § 47C-1-102(a) provides the Condominium Act "do[es] not invalidate existing provisions of the declarations, bylaws, or plats or plans of th[e "Unit Ownership Act"]."

## C. Amendment of Declaration

¶ 21 An association can amend their declaration to bring it within the provisions of the North Carolina Condominium Act. *See* N.C. Gen. Stat. § 47C-1-102(b) (2019). Petitioner did not execute such a clause or addendum. The record does not reflect Petitioner's declaration has been amended since it was executed. Petitioner's

declaration does not include the power of non-judicial foreclosure. N.C. Gen. Stat. § 47C-1-102(a).

The superior court's "Order Affirming Order Authorizing Sale" is vacated and remanded for dismissal. In light of our decision, it is unnecessary to address Respondent's remaining arguments as they are unlikely to reoccur upon remand.

## VI. Conclusion

Petitioner did not acquire the statutory authority based on its unamended declaration to effect a non-judicial foreclosure of Respondent's units. Petitioner's board did not authorize an addendum invoking the North Carolina Condominium Act to permit such a procedure. *See* N.C. Gen. Stat. § 47C-1-102(b). The "Order Affirming Order Authorizing Sale" is vacated and remanded for dismissal. *It is so ordered.*

VACATED AND REMANDED.

Chief Judge STROUD and Judge ZACHARY concur.