IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-211

 No. COA20-405

 Filed 18 May 2021

 Durham County, No. 18 SP 1035

 IN THE MATTER OF THE FORECLOSURE OF A LIEN BY Executive Office Park
 of Durham Association, Inc., Petitioner,

 v.

 MARTIN E. ROCK a/k/a MARTIN A. ROCK, Respondent.

 LIEN DATED: October 23, 2018
 LIEN RECORDED: 18 M 1195
 IN THE CLERK’S OFFICE, DURHAM COUNTY COURTHOUSE

 Appeal by respondent from order entered 4 March 2019 by Judge John M.

 Dunlow in Durham County Superior Court. Heard in the Court of Appeals 27 April

 2021.

 Jordan Price Wall Gray Jones & Carlton, PLLC, by Matthew Waters and Hope
 Derby Carmichael, for petitioner-appellee.

 Mark Hayes for respondent-appellant.

 TYSON, Judge.

¶1 Martin Rock (“Respondent”) appeals from an order authorizing a sale of three

 office condominium units. We vacate and remand.

 I. Background
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

¶2 Executive Park Developers, LLC developed Executive Office Park. Executive

 Park Developers, LLC filed a “Declaration of Unit Ownership” creating a governing

 entity for the development, Executive Office Park of Durham Association, Inc.

 (“Petitioner”) on or about 9 November 1982, pursuant to N.C. Gen. Stat. § 47A (2019).

 Petitioner “consist[s] of all the unit owners [in the development] acting as a group in

 accordance with the Bylaws and this Declaration.”

¶3 The terms of the Declaration provided Petitioner would be governed by “the

 provisions of the North Carolina Unit Ownership Act.” See N.C. Gen. Stat. § 47A.

 Petitioner’s board of directors was granted “all of the powers and duties set forth in

 the [North Carolina] Unit Ownership Act, except as limited by this declaration (sic)

 and the Bylaws.” The Declaration required unit owners be subject to assessments

 ordered by the Board of Directors.

¶4 If the assessment was not paid after “more than thirty (30) days,” “[a]ny sum

 assessed remaining unpaid . . . shall constitute a lien upon the delinquent unit or

 units when filed of record with in (sic) the Office of the Clerk of Superior Court of

 Durham County in the manner provided for by Article 8 of Chapter 44 of the General

 Statutes of North Carolina as amended.”

¶5 The Declaration provided “the Bylaws” “shall be in the form attached here to

 as Exhibit ‘E.’” Attached to the Declaration labeled “Exhibit E” were model bylaws

 which could be adopted by the Petitioner. No document titled as “Exhibit E” was
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

 executed.

¶6 Respondent owns three units within Executive Office Park. Petitioner alleged

 Respondent was in default under the Declaration because of non-payment of

 assessments. Respondent countered the amounts Petitioner asserted were inflated

 by unreasonable fines, interest, and fees.

¶7 Respondent also sought to offset amounts allegedly owed against costs he

 incurred for Petitioner’s alleged failure to repair flood damages to his units. This

 flood damage caused a mold problem in the units rendering them unusable.

¶8 Petitioner alleged Respondent was in arrears for fees and assessments since

 September 2013 totaling a balance due of $69,751.89 as of 14 December 2017.

 Respondent made a redemption payment of $80,950.00, which Petitioner received

 and accepted two weeks later on 28 December 2017. On 19 January 2018, petitioner

 assessed Respondent $35,890.00 in legal fees. Petitioner’s ledger shows $24,706.89

 in write-off credits and Respondent owes a balance of $780.00.

¶9 On 22 October 2018, Petitioner filed a claim of lien, alleging Respondent owed

 $8,475.00 plus attorney’s fees and costs of $590.50. Petitioner sought a non-judicial

 foreclosure sale of Respondent’s three units. After a hearing, an order was filed by

 the clerk of court authorizing sale of the three properties on 13 December 2018. An

 “Order Affirming Order Authorizing Sale” was filed in Superior Court on 4 March

 2019. Respondent appeals.
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

 II. Jurisdiction

¶ 10 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

 III. Issues

¶ 11 Respondent argues the foreclosure order is void. He argues, in the alternative,

 if the order is not void, he was not in default following Petitioner’s acceptance of his

 redemption payment of more than the balance stated.

 IV. Standard of Review

¶ 12 This Court reviews the trial court’s order authorizing an association’s non-

 judicial power of sale foreclosure de novo. See In re Foreclosure of Clayton, 254 N.C.

 App. 661, 667, 802 S.E.2d 920, 925 (2017).

 V. Order of Foreclosure

¶ 13 Respondent argues N.C. Gen. Stat. § 47C (2019) applies to “all condominiums

 created within this State after October 1, 1986”, contains the provisions authorizing

 Petitioner to pursue a non-judicial foreclosure sale, and is inapplicable to Executive

 Office Park and Respondent. In reviewing Respondent’s argument, we are guided by

 several well-established principles and precedents of statutory construction.

 A. Statutory Construction

¶ 14 Our Supreme Court stated: “The principal goal of statutory construction is to

 accomplish the legislative intent.” Lenox, Inc. v. Tolson, 353 N.C. 659, 664, 548 S.E.2d

 513, 517 (2001) (citation omitted). “The best indicia of that intent are the [text and
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

 plain] language of the statute[.]” Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs,

 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

¶ 15 The Supreme Court continued: “When construing legislative provisions, this

 Court looks first to the plain meaning of the words of the statute itself[.]” State v.

 Ward, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). “Where a statute contains two

 clauses which prescribe its applicability, and the clauses are connected by a

 disjunctive ‘or’, the application of the statute is not limited to cases falling within both

 clauses, but applies to cases falling within either one of them.” Grassy Creek

 Neighborhood Alliance, Inc. v. City of Winston-Salem, 142 N.C. App. 290, 297, 542

 S.E.2d 296, 301 (2001) (citations omitted).

¶ 16 “[S]tatutes in pari materia must be read in context with each other.” Cedar

 Creek Enters., Inc. v. Dep’t of Motor Vehicles, 290 N.C. 450, 454, 226 S.E.2d 336, 338

 (1976) (citation omitted). “Interpretations that would create a conflict between two

 or more statutes are to be avoided, and statutes should be reconciled with each other

 whenever possible.” Taylor v. Robinson, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291

 (1998) (alteration, citations and internal quotation marks omitted).

¶ 17 Our Supreme Court held, “where a literal interpretation of the language of a

 statute will lead to absurd results, or contravene the manifest purpose of the

 Legislature, as otherwise expressed, the reason and purpose of the law shall
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

 control[.]” State v. Beck, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (citation

 omitted).

 B. Power of Sale Foreclosure

¶ 18 Over forty years ago, this Court stated: “Historically, foreclosure under a

 power of sale has been a private contractual remedy.” In re Foreclosure of Burgess,

 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (1980).

¶ 19 The Petitioner’s Declaration was signed in 1982 and expressly provides

 Petitioner would be governed by “the provisions of the North Carolina Unit

 Ownership Act” enacted in 1963. The North Carolina Condominium Act was not

 enacted until 1985 and is applicable to “all condominiums created within this State

 after October 1, 1986.” N.C. Gen. Stat. § 47C-1-102(a) (2019) (emphasis supplied).

¶ 20 The Unit Ownership Act does not include provisions or the power for a non-

 judicial power of sale. N.C. Gen. Stat. § 47C-1-102(a) provides the Condominium Act

 “do[es] not invalidate existing provisions of the declarations, bylaws, or plats or plans

 of th[e “Unit Ownership Act”].”

 C. Amendment of Declaration

¶ 21 An association can amend their declaration to bring it within the provisions of

 the North Carolina Condominium Act. See N.C. Gen. Stat. § 47C-1-102(b) (2019).

 Petitioner did not execute such a clause or addendum. The record does not reflect

 Petitioner’s declaration has been amended since it was executed. Petitioner’s
 EXECUTIVE OFFICE PARK V. ROCK

 2021-NCCOA-211

 Opinion of the Court

 declaration does not include the power of non-judicial foreclosure. N.C. Gen. Stat. §

 47C-1-102(a).

¶ 22 The superior court’s “Order Affirming Order Authorizing Sale” is vacated and

 remanded for dismissal. In light of our decision, it is unnecessary to address

 Respondent’s remaining arguments as they are unlikely to reoccur upon remand.

 VI. Conclusion

¶ 23 Petitioner did not acquire the statutory authority based on its unamended

 declaration to effect a non-judicial foreclosure of Respondent’s units. Petitioner’s

 board did not authorize an addendum invoking the North Carolina Condominium Act

 to permit such a procedure. See N.C. Gen. Stat. § 47C-1-102(b). The “Order Affirming

 Order Authorizing Sale” is vacated and remanded for dismissal. It is so ordered.

 VACATED AND REMANDED.

 Chief Judge STROUD and Judge ZACHARY concur.